Argued October 29, 1969, remanded with instructions
January 15, 1970

# BARR, *Respondent, v.* STATE COMPEN-
# SATION DEPARTMENT, *Appellant.*

463 P. 2d 871

*Allan H. Coons,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, and Wallace Carpenter, Assistant Attorney General and Chief Counsel State Compensation Department, Salem.

*Charles O. Porter,* Eugene, argued the cause for respondent. With him on the brief were Porter & Bach, Eugene.

FORT, J.

Claimant filed on September 27, 1967, the standard claim form furnished by the defendant entitled, "Workmen's and Employer's Report of Occupational Injury or Disease."

Shortly after filing the claim this 57-year-old man was operated upon for the excision of nucleus pulposus between the third and fourth and the fourth and fifth lumbar vertebrae.

On October 17, 1967, the State Compensation Department denied the claim because:

"* * * (1) there is insufficient evidence that said workman sustained accidental personal injury within the meaning of the provisions of the Oregon Workmen's Compensation law,

"(2) the condition requiring treatment is not the result of the activity described * * *."

Claimant requested a hearing. It was held before a Hearing Officer who found:

"The circumstances that a degenerative condi-

tion existed and that some of the trauma to claimant's back may have been of non-occupational origin do not render the claim non-compensable. They only present difficult problems of evaluation. The overwhelming evidence herein indicates the occupational lifting and straining as being a material contributing factor in the occurrence of claimant's back condition. Claimant has sustained the burden of proving an occupational disease within the meaning of ORS 656.802.

"IT IS ACCORDINGLY ORDERED that defendant accept this claim and pay to claimant the benefits to which he is entitled by law."

Following this decision of the Hearing Officer the claimant, through his counsel, agreed that his claim should be processed under the Occupational Disease Law, ORS 656.802 to 656.824, and not under the Workmen's Compensation Act.

The State Compensation Department rejected the order. Pursuant to ORS 656.808, the matter was then considered by the Medical Board of Review. That Board found that claimant was not suffering from an occupational disease and appended thereto a lengthy medical report which strongly expressed their unanimous opinion that the claimant had in fact suffered an accidental on-the-job injury and their belief that the State Compensation Department should cover him therefor.

Pursuant to ORS 656.814 the findings of the Medical Board of Review were filed with the Workmen's Compensation Board. Under that statute those findings "are final and binding." The Workmen's Compensation Board thereupon duly entered its "ORDER FILING REPORT OF MEDICAL BOARD OF REVIEW AND REMANDING CLAIM TO THE HEARING OFFICER."

The order also contained the following:

"Notice of appeal is appended solely for the purpose of raising issue on the right of the Workmen's Compensation Board to remand for further hearing."

This order was signed and filed in the Board's records on July 26, 1968. On August 21, 1968, the State Compensation Department filed its Notice of Appeal in the Circuit Court.

That court concluded that under the broad powers conferred upon the Workmen's Compensation Board by ORS 656.295(5), the Board "had authority to remand the case to a Hearing Officer for consideration of the evidence in regards to an accidental injury claim," and entered its order accordingly.

The State Compensation Department appeals therefrom on the ground that the Board on the facts of this case had no authority to remand the claim to its Hearing Officer and could only file the report of the Medical Board of Review and close out the claim. It says the "comments" of the three-man Medical Review Board are surplusage.

The above mentioned order of the Workmen's Compensation Board from which this appeal was prosecuted by the State Compensation Department is, in its relevant portions, as follows:

"The findings of the Medical Board of Review are hereby declared filed as of July 12, 1968, and by ORS 656.814, the findings as to the existence of an occupational disease are final.

"The Workmen's Compensation Board concludes from the report of the Medical Board of Review that the hearing officer may have been in error in declaring the claim to be an occupational

disease but was also possibly in error in not also passing upon the question of compensability as an accidental injury.

"In addition to filing the report of the Medical Board of Review, the Workmen's Compensation Board also remands the claim to the hearing officer for further proceedings with respect to whether the claimant is entitled to compensation for an accidental injury."

ORS 656.298(1) provides:

"Any party affected by an order of the board may, within the time limit specified in ORS 656.295, request judicial review of the order with the circuit court for the county in which the workman resided at the time of his injury, or the county where the injury occurred."

Appellant apparently assumes that the foregoing "order" presents an appealable matter under that statute, although it relates only to the internal administrative action.

By this order the Workmen's Compensation Board simply directs its own staff member to take another look at Mr. Barr's case to see if in fact he has a valid claim for an on-the-job injury. ORS 656.278(1). It expressly does not make any finding concerning the claim at all. It makes no award of any kind to the claimant, nor does it adjudicate any right he may have. Appellant points to no duty or obligation imposed upon it by the order.

When the Board ultimately determines whether Mr. Barr has a compensable claim, and, if so, makes an award therefor, it will presumably enter the appropriate order as provided by law. If either the claimant or the State Compensation Department then feels

aggrieved thereby, a justiciable controversy within the meaning of the Act will be presented.

 It is not the function of a court to give advisory opinions concerning the propriety of internal administrative procedures of a state agency. We think that the word "order" in ORS 656.298(1) is used in relation to final orders which adjudicate a right or impose a duty on a party as defined in ORS 656.002(16). The portion of the order appealed from does neither.

Our Supreme Court, in *Cummings Constr. v. School District No. 9,* 242 Or 106, 408 P2d 80 (1965), stated that even in a declaratory judgment proceeding:

> "Courts will not give mere advisory opinions on moot questions. * * *" 242 Or at 110.

It quoted therein with approval from *State ex rel LaFollette v. Dammann:*

> " '* * * The court ordinarily will not decide as to future or contingent rights, but will wait until the event giving rise to the rights has happened, or, in other words, *until rights have become fixed under an existing state of facts.' State ex rel LaFollette v. Dammann,* 220 Wis 17, 23, 264 NW 627, 629. (Emphasis added.)" 242 Or at 111,

and concluded at page 113:

> "The court's time should not be consumed in deciding cases that are advisory only *and may have no future application.* * * *" (Emphasis supplied.)

The situation here is nothing more than a dispute between the State Compensation Department and the Workmen's Compensation Board as to whether the Board has the authority under ORS 656.295(5) or under ORS 656.278(1) on its own motion to remand a claim to its own Hearing Officer for further consider-

ation. The "order" appealed from does not even purport to vacate the Board's previous order, which affirmed the decision of the Hearing Officer holding that claimant had not sustained an on-the-job compensable injury.

We note that this case was tried before the Supreme Court's decision in *Schulz v. Compensation Department*, 252 Or 211, 448 P2d 551 (1968). In the view, however, we have taken of this matter, we do not reach the question urged. We are of the opinion that the appeal was improvidently taken.

The appeal is dismissed and the matter remanded to the circuit court with instructions to direct the Workmen's Compensation Board to proceed forthwith to implement the Board's own order of July 26, 1968, and for such further proceedings thereafter as are authorized by law. Respondent is awarded an attorney fee herein in the sum of $450.

Remanded with instructions.