Argued ·February 11, reversed and remanded with
instructions to dismiss June 4, 1970

HILES, *Appellant, v.* STATE COMPENSATION
DEPARTMENT, *Respondent.*

470 P2d 165

*Lawrence O. Gildea,* Eugene, argued the cause for appellant. With him on the briefs were Wylie, Gildea & Speer, Eugene.

*Earl M. Preston,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Wallace Carpenter, Chief Counsel and Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C. J.

Claimant has appealed a circuit court judgment reversing an order of the hearing officer in a proceeding for compensation for an alleged occupational disease, silicosis. After his claim for compensation was denied by the State Compensation Department, claimant filed with the Workmen's Compensation Board a request for a hearing. At the request of the claimant, and upon stipulation of the parties, the hearing officer split the hearing into two phases. The first phase was to determine whether claimant had been subject to exposure to silica dust for sufficient periods of time to qualify him for compensation for silicosis, ORS 656.816 (1). The second phase was to determine whether claimant had contracted silicosis out of and in the course of his employment.

At the conclusion of the first phase of the hearing the hearing officer entered an order which is the subject of this appeal. No hearing has yet been held on the second phase.

The statute in question, ORS 656.816(1), provides that silicosis is not compensable:

"* * * [U]nless the employe has been subject to injurious exposure to silica dust (silicon dioxide) in his employment in Oregon preceding his disablement, for periods amounting in all to at least five years * * *."

The hearing officer found that the claimant had actually been exposed for substantially less than 60 months, but that during a six-year period his only employment had been in Oregon and in occupations which exposed him to silica dust. He further found that the periods of unemployment which had served to lessen the amount of actual exposure had been due to the

seasonal nature of claimant's work. The hearing officer held that this exposure satisfied the requirements of the statute and entered an order so stating.

The department rejected the order of the hearing officer on the grounds that he had incorrectly interpreted the requirements of ORS 656.816(1). The Workmen's Compensation Board made no finding—it certified the question to the circuit court in accordance with the provisions of ORS 656.810(4). The circuit court reversed the order of the hearing officer, holding that claimant had not satisfied the requirements of ORS 656.816(1). Claimant has appealed the ruling of the circuit court raising two substantive questions of law: (1) did the circuit court correctly interpret the requirements of ORS 656.816(1); and (2) is ORS 656.816(1) a denial of equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution.

Not raised by either party is the question of whether the circuit court had jurisdiction to review the order of the hearing officer. The jurisdiction for judicial review of the orders of hearing officers in occupational disease claims is found in the following statutes:

ORS 656.807(4):
"The procedure for allowing, denying, processing or closing occupational disease claims shall be the same as provided for accidental injuries under ORS 656.001 to 656.794, except that any review of the claim after a hearing by the hearing officer shall be in accordance with ORS 656.808 to 656.814."

ORS 656.808:
"*A final order of the hearing officer in any claim involving occupational disease may be rejected by the claimant or employer*, in writing, filed

at the office of the Workmen's Compensation Board within 90 days after the date of such order. Such rejection acts as an appeal to the medical board of review." (Emphasis supplied.)

ORS 656.810(4):

"In any case involving an issue of the timeliness of filing a claim or other legal issue not to be determined by the medical board of review, the Workmen's Compensation Board shall within 30 days of the filing of the rejection certify the claim record to the circuit court of the county where the disease was incurred; and the issue shall be determined by the court without jury based upon such record and such other evidence as in the court's discretion may be required."

These statutes provide for judicial review only upon rejection of a "final order." See also *Barr v. State Compensation Dept.*, 1 Or App 432, 463 P2d 871 (1970).

The term "final order" is not defined in ORS ch 656, and has not previously been defined by the Oregon courts in connection with workmen's compensation. We turn then to the general law for a definition.

"* * * One of the tests in determining whether a judgment or decree is final is: 'If no further action of the court is required to dispose of the cause, it is final.' Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect, or is the judgment or decree 'one which concludes the parties as regards the subject-matter in controversy in the tribunal pronouncing it'? * * *." *Winters et al v. Grimes et al*, 124 Or 214, 216-17, 264 P 359 (1928).

The order of the hearing officer in question in the present case meets none of these tests. Before the

rights of the parties could be determined by the hearing officer it was necessary for him to decide whether the claimant had contracted silicosis out of and in the course of his employment.

*Beaudry v. Winchester Plywood Co. et al*, 255 Or 503, 469 P2d 25, handed down by the Oregon Supreme Court May 13, 1970, points out that the occupational disease law provides for appellate review of legal problems "before the medical facts are finally determined by the medical board of review." This holding in *Beaudry* has no application to the facts of the case at hand. In *Beaudry* the hearing officer had determined that the claimant had incurred a compensable occupational disease and ordered his direct responsibility employer to begin the payment of compensation. The employer rejected the hearing officer's final order and the Workmen's Compensation Board certified the legal question to the circuit court in accordance with ORS 656.810(4). Valid as the claimant's argument on the merits may well be, the jurisdictional requirement of a final order as mandated by ORS 656.808 was not met.

Reversed and remanded with instructions to dismiss.