Argued December 18, 1972, affirmed January 19, 1973

DAHLSTROM, *Appellant, v.* HUNTINGTON
RUBBER MILLS (No. 369-904), *Respondent.*

505 P2d 352

*Frank J. Susak,* Portland, argued the cause for appellant. With him on the brief were Susak & Lawrence and Peterson, Chaivoe & Peterson, Portland.

*Daryll E. Klein,* Portland, argued the cause for respondent. On the brief was William L. Hallmark, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and HOLMAN, Judges:

LANGTRY, J.

This is a workmen's compensation case in which the claim was denied successively by the hearing officer, the Workmen's Compensation Board and the circuit court, each time because it was found that the claim was untimely filed. The question on this appeal is whether the claimant should be allowed to produce additional evidence before the hearing officer concerning the reason he gave, after the hearing, for not filing the claim in the year's time allowed by statute. That reason was his allegation of mental incapacity. ORS 656.265 (4)(c) and 656.319 (1)(a), (d).[①]

The claim arose from an accident which occurred to the claimant after he had left his work at the end of his shift, punched the time clock where he worked at the Huntington Rubber Mills, and was crossing the street outside the plant on his way to the parking lot where he kept his automobile. He was struck by an automobile and injured. No medical services were ever provided, or benefits paid, pur-

---

[①] ORS 656.319 provides:

"(1) A hearing * * * shall not be granted unless a request for hearing is filed within the times specified in this subsection, and * * * the claim is not enforceable: 

"(a) If no medical services were provided or benefits paid, one year after the date of the accident.

"* * * * *

"(d) If the workman was rendered mentally incapable of seeking compensation because of the accidental injury, six months after removal of such mental incapacity if his parents, guardians, employer, physician or other person have not requested a hearing * * * within one year after the accident.

"* * * * *."

suant to the Workmen's Compensation Law. He made no claim for workmen's compensation until 15 months had elapsed and at that time based his claim entirely upon his contention that he was entitled to benefits because he was crossing to a parking lot provided by the company for employes and thus was still on the job and entitled to compensation for the injury. After denial of the claim the matter went to hearing. The only reason given at the hearing for lateness of filing the notice of claim was that neither the employer nor the employe realized that there was a possibility that the injury could be covered under the Workmen's Compensation Law. No claim was made of mental incompetency or incapacity, pre-existing or growing out of the accident.

The claimant testified at length during the hearing. His testimony was rational and intelligent. At the time of the hearing he was still employed on the same job with the same company.

Approximately one month after the hearing officer determined there was lack of jurisdiction because the claim was not filed within the required year, the claimant requested the Board to return the matter to the hearing officer to take additional testimony concerning mental capacity of the claimant. The point of this request was that if he could prove incapacity, he would be entitled to file late. This request was refused, and on review the Board affirmed the hearing officer's orders. A request was then made for judicial review and a motion was filed in the circuit court requesting the circuit court to hear evidence concerning claimant's mental capacity on the ground that such evidence was not obtainable at the time of the hearing. In the alternative, he requested that the matter be returned to the hearing officer for taking such evidence.

The circuit court properly refused to hear the evidence. It was obtainable although it might not have been available at the time the matter was before the hearing officer. *Mansfield v. Caplener Bros.*, 3 Or App 448, 474 P2d 785 (1970). Evidence of mental capacity could have been obtained through examination before the hearing.

The circuit court also refused to return the matter to the hearing officer. An offer of proof was made in which the claimant produced a psychologist who testified he had examined the claimant and that he thought the claimant "would get confused" in handling his affairs. His testimony, taken as a whole, has a tendency to support a claim of incompetency, but that is all.

In *Sahnow v. Fireman's Fund Ins. Co.*, 260 Or 564, 491 P2d 997 (1971), the Supreme Court held that this court in a situation like that presented here has the discretion to remand the case to the hearing officer for taking additional testimony and that the trial judge also has "wide latitude" in the disposition he makes of such requests. After reviewing the record we think that the circuit court acted well within the bounds of its discretion. We have reviewed the whole record, particularly the testimony of the claimant taken before the hearing officer, and conclude that we cannot exercise our discretion differently than was done by the circuit judge.

Affirmed.