Argued March 27, dismissed April 23, 1973

HAMMOND, *Appellant, v.* ALBINA ENGINE & MACHINE WORKS, INC., *Respondent.*

509 P2d 56

*Allen T. Murphy, Jr.,* Portland, argued the cause and filed the brief for appellant.

*Roger R. Warren,* Portland, argued the cause for respondent. On the brief was Philip A. Mongrain, Portland.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

This is an appeal of a circuit court judgment affirming an order of the Workmen's Compensation Board. The order of the Board affirmed an order by

a hearing officer which granted a motion made by the employer to reinstate his request for a hearing. The hearing proceedings had been ordered dismissed by the hearing officer for lack of activity on the claim on the part of the employer. In this appeal the claimant contends that the hearing officer had no power to reinstate the hearing rights of the employer since the hearing officer's order dismissing the proceedings had stated that the employer had 30 days to file a motion for reinstatement and the motion was not filed until the 33rd day.

The first issue presented is whether the order appealed from is properly before this court.

ORS 656.298 (1) provides:

"Any party affected by an order of the board may, within the time limit specified in ORS 656.295, request judicial review of the order with the circuit court for the county in which the workman resided at the time of his injury, or the county where the injury occurred."

This court in *Barr v. Compensation Department,* 1 Or App 432, 463 P2d 871 (1970), construed the word "order" in ORS 656.298 (1) to mean only "final orders" which adjudicate a right or impose a duty. In that case we dismissed an appeal from an order of the Workmen's Compensation Board that had remanded claimant's case for a further hearing.

In *Hiles v. Compensation Department,* 2 Or App 506, 509, 470 P2d 165 (1970), we stated:

"The term 'final order' is not defined in ORS ch 656, and has not previously been defined by the Oregon courts in connection with workmen's compensation. We turn then to the general law for a definition.

" '* * * One of the tests in determining whether a judgment or decree is final is: "If no further action of the court is required to dispose of the cause, it is final." Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect, or is the judgment or decree "one which concludes the parties as regards the subject-matter in controversy in the tribunal pronouncing it"? * * *.' *Winters et al v. Grimes et al,* 124 Or 214, 216-17, 264 P 359 (1928)."

In that case we concluded the order in question was not a final order because a further hearing was necessary to determine if claimant was entitled to compensation.

Here as in *Barr v. Compensation Department,* supra, the order appealed from merely determines that a hearing must be held. Paraphrasing the definition of "final order" quoted above, this order is clearly not one which concludes the parties as regards the subject matter in controversy in the tribunal pronouncing it. The order appealed from is procedural only. The question before the hearing officer is whether the claimant is entitled to an award of permanent total disability. The order appealed from does not render a final decision on that question.

Appeal dismissed.