Argued June 20, remanded with instructions August 27, 1973

BUSTER, *Respondent, v.*
CHASE BAG CO. (No. 385-927), *Appellant.*

513 P2d 504

*Noreen K. Saltveit,* Portland, argued the cause for appellant. With her on the briefs were Marmaduke, Aschenbrenner, Merten & Saltveit, Portland.

*Raymond J. Conboy,* Portland, argued the cause

for respondent. With him on the brief were Dan O'Leary and Pozzi, Wilson & Atchison, Portland.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

This is an appeal by the defendant-employer from a judgment affirming a Workmen's Compensation Board order declaring claimant permanently and totally disabled.

At the time of hearing on July 1, 1971, claimant was 49 years old. In December 1968 as a bag company employe she had sustained a trip-fall injury to her left arm and shoulder. Continuing symptoms and pain resulted in a shoulder operation on February 23, 1970. Thereafter, she underwent a program of evaluation and treatment in the physical rehabilitation center of the Workmen's Compensation Board, but limited range of motion and complaints of pain upon attempted use of the shoulder prevented her from following the prescribed exercises and her condition remained about stationary as of the time of hearing which was more than two and one-half years after her injury.

The hearing officer concluded that 67 degrees for partial loss of use of the left arm was adequate to reflect that disability but also awarded 48 degrees for loss of earning capacity ascribable to the unscheduled disability to her left shoulder and neck. The Workmen's Compensation Board affirmed this award and refused claimant's request to remand "for development of evidence not available at the time of hearing." In denying remand the Board mentioned that the proposed evidence did not involve physical disability and

called attention to the necessity of finality of proceedings.

Upon appeal to the circuit court a remand order was entered February 14, 1972, as follows:

"* * * * *

"IT IS HEREBY ORDERED AND ADJUDGED that this case and claim be and the same is hereby remanded to George Rode, Hearing Officer of the Workmen's Compensation Board of the State of Oregon, for the taking of further evidence as to claimant's contacts with Division of Vocational Rehabilitation since the hearing, and the success, if any of said Division's efforts to retrain or replace claimant in a job; and the issuance of a new opinion taking into account said evidence, together with evidence previously introduced at the time of the last hearing.

"* * * * *"

Pursuant to the remand order a one-hour hearing was held before the hearing officer on May 18, 1972, at which the only evidence taken was that of a Division of Vocational Rehabilitation counselor who reported on claimant's inability to perform certain types of work and that she appeared to be well motivated. No other evidence was offered. The hearing officer's initial order mentioned that "claimant's motivation appears to be somewhat less than adequate * * *" and his opinion after the remand hearing was that this conclusion was not materially altered by the remand evidence. *See Deaton v. SAIF,* 13 Or App 298, 509 P2d 1215 (1973). However, the hearing officer decided in his remand order that even with better motivation, based upon the evidence before him, claimant was presently permanently totally disabled. Upon review by the Workmen's Compensation Board,

it affirmed the hearing officer, concluding that claimant was shown to be prima facie in the "odd lot" category,[1] that the employer was under a duty to then show that claimant was employable and had failed to do so. The circuit court affirmed and the employer appeals.

This case points up a problem which has been recurring with increasing frequency: What standards govern the remand by the circuit court of a compensation case to the hearing officer for the taking of further evidence.

Remands from the circuit court to the hearing officer and presentation of additional evidence in circuit court are governed by ORS 656.298 (6), which provides:

> "The circuit court review shall be by a judge, without a jury, on the entire record forwarded by the board. The judge may remand the case to the hearing officer for further evidence taking, correction or other necessary action. However, the judge may hear additional evidence concerning disability that was not obtainable at the time of the hearing. * * *"

This statute was construed by the Supreme Court in *Sahnow v. Fireman's Fund Ins. Co.*, 260 Or 564, 569, 491 P2d 997 (1971), where a plurality opinion said:

> "* * * Basically, a claimant's case is established before the hearing officer where the record is made. Under ORS 656.298 (6), if the case is appealed to the circuit court the trial judge is given wide latitude, with the exception that any additional evidence which he may hear is restricted to evidence that was not obtainable at the time of the hearing

---

[1] Swanson v. Westport Lumber Co., 4 Or App 417, 479 P2d 1005 (1971).

> before the hearing officer. The trial judge 'may
> remand the case to the hearing officer for further
> evidence taking, correction or other necessary ac-
> tion.' * * *"

This Supreme Court language does not furnish an
answer to our problem because the quoted language
points in two directions. In saying, "[b]asically, a
claimant's case is established before the hearing offi-
cer," it points toward limiting remands, but thereafter
saying the courts have "wide latitude," points more
toward no limit on remands.

This court subsequent to *Sahnow* decided the
case of *Tanner v. P & C Tool Co.,* 9 Or App 463, 497
P2d 1230 (1972). This was an appeal by an employer
from a circuit court order remanding a case to a hear-
ing officer. We held the remand was error. The hear-
ing officer had kept the record open for five months
for additional medical evidence before ruling against
claimant. Thereafter, claimant secured additional med-
ical evidence and sought remand to introduce it. We
noted that such evidence could not have been heard by
the circuit court because it was obtainable at the time
of hearing. We held there was no basis for remand and
pointed out that there ought to be a "compelling basis"
for remand:

> "* * * While a remand for the taking of fur-
> ther evidence is not subject to the statutory 'un-
> availability prerequisite,' some compelling basis
> should exist for remanding, e.g., as to clear up an
> inconsistency or void in the record. *Sahnow v.*
> *Fireman's Fund Ins. Co.,* 3 Or App 164, 470 P2d
> 378 (1970), aff'd 260 Or 564, 491 P2d 997 (1971)."
> 9 Or App at 467.

In *Dahlstrom v. Huntington Rubber Mills,* 12 Or
App 55, 505 P2d 352 (1973), the trial court refused

to remand to hear evidence concerning whether claimant should be excused for the late filing of his claim. We held the refusal to remand was proper. We mentioned the evidence was "obtainable" but went on to suggest that remand was discretionary, quoting *Sahnow v. Fireman's Fund Ins. Co.*, supra, and that the circuit court "acted well within the bounds of its discretion." 12 Or App at 58. We have failed to articulate, in our recent remand cases, a meaningful standard to guide the exercise of such discretion.

■ Under the Workmen's Compensation statutes, the responsibility for constructing the record rests with the parties, the hearing officer and the Board. Once a record is closed by the hearing officer, primary responsibility concerning remands rests with the Board, which has very broad discretion under ORS 656.295 (5).[2] On circuit court review, under ORS 656.298 (6), a compensation case can be remanded *only for good cause shown*; for example, through neglect of the parties the record was improperly developed before the hearing officer or remand is sought to present evidence that was not obtainable at the time of the hearing, ORS 656.298 (6), or there is some other compelling reason for remand, *Tanner v. P & C Tool Co.*, supra. *See also Maumary v. Mayfair Markets,* 14 Or App 180, 512 P2d 1370 (1973). Remand should not be granted when the hearing officer has

[2] ORS 656.295 (5) reads:

"The review by the board shall be based upon the record submitted to it under subsection (3) of this section and such oral or written argument as it may receive. However, if the board determines that a case has been improperly, incompletely or otherwise insufficiently developed or heard by the hearing officer, it may remand the case to the hearing officer for further evidence taking, correction or other necessary action."

ruled against a claimant and it appears that the claimant merely wishes to strengthen his case by presenting new evidence, which with due diligence could have been produced at the original hearing.

■ In the present case "good cause" for remand was not shown. Claimant was injured in December 1968. The first hearing was held more than two and one-half years later—in July 1971. Meanwhile, she had contacted the Department of Vocational Rehabilitation. Introduced at the first hearing, Joint Exhibit A-11 is a case summary on claimant maintained by the Department of Vocational Rehabilitation. The last entry in it reads:

> "Notes in this file indicate that the former counselor interviewed Mrs. Buster and that she agreed to check out a possible training program at Portland Community College and then contact this office. There is no indication that she did later contact this office. I attempted to contact her by telephone and learned that the number she gave us had been disconnected. A letter was sent to Mrs. Buster asking that she contact us, but she has not done so.
>
> "It, therefore, appears that Mrs. Buster is not interested in our services at this time, and the case is, therefore, being closed; status '08'."

There was substantial evidence at the July 1971 hearing that claimant had not seriously sought a job that would be consistent with her physical problems; indeed, claimant herself testified she had not actively sought employment. The hearing officer's Opinion and Order stated:

> "Claimant was referred to a program of vocational rehabilitation which has never materialized for reasons that are not entirely clear. Claimant was in Texas from October of 1970 until May of 1971, and her cooperation in the vocational rehabili-

tation efforts appears to have been something less than whole-hearted and enthusiastic."

After receiving the hearing officer's decision, claimant re-established contact with the Department of Vocational Rehabilitation. She asked the Board to remand to the hearing officer to hear evidence of these additional contacts with the Department of Vocational Rehabilitation. The Board denied the motion. In circuit court the claimant again asked that the case be remanded to the hearing officer. The circuit court granted the request but there is no record from which we can determine why the request was granted. At the remand hearing a new Department of Vocational Rehabilitation counselor testified, to summarize, that no work could be found for claimant although she was highly motivated.

These facts illustrate the problem with the Oregon law on remands. Claimant laid her case before a trier of fact, the hearing officer, at the first hearing. The trier of fact increased her award, but not as much as she thought it should be increased. Having the benefit of the trier of fact's comments on her low motivation as reported by the Department of Vocational Rehabilitation, claimant returned to the Department of Vocational Rehabilitation for a second effort. Remanding to permit her to produce this additional evidence serves to give her two chances with the fact trier.

■■ Claimant contends that since no appeal was taken from the circuit court's order of remand, the employer is precluded from raising the issue of the propriety of that order on this review. We do not agree. We have previously held that Board orders remanding a case to the hearing officer are not final appealable orders. *Hammond v. Albina Engine &*

*Mach.,* 13 Or App 156, 509 P2d 56 (1973); *Barr v. Compensation Department,* 1 Or App 432, 463 P2d 871 (1970). We think the better rule, and more in accord with our cases, would be that circuit court remand orders are in the same category as Board orders and are not appealable orders. Accordingly, we should not have reached the merits in *Tanner v. P & C Tool Co.,* supra.

In the present case good cause has not been established for the remand. First, because there is no record to support the remand. Second, because there is no showing that through claimant's excusable neglect the record was insufficiently developed at the first hearing. ORS 656.295 (5). Third, because the remand evidence was "obtainable" at the time of the first hearing; that is to say, it could have been obtained if claimant had been more serious in her initial contacts with the Department of Vocational Rehabilitation. ORS 656.298 (6). Fourth, there is simply no "compelling basis" for the remand. *Tanner v. P & C Tool Co.,* supra.

Remanded with instructions to reinstate the original opinion and order of the hearing officer.