Argued September 22, affirmed October 28, 1975

ZEIGLER, *Appellant, v.* COAST TO COAST STORES (No. 34590, CA 4632), *Respondent.*

541 P2d 1070

*Maurice V. Engelgau,* Coquille, argued the cause and filed the brief for appellant.

*Thomas Blamer,* Portland, argued the cause for respondent. On the brief were James H. Gidley, Cosgrave & Kester, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C. J.

In this workmen's compensation case claimant argues that she is permanently and totally disabled and in the alternative that the claim should be remanded for the consideration of additional evidence which was offered but refused in the circuit court.

We affirm on both issues. Claimant, who is now 55 years old, injured her back in 1967 while working as a clerk in a hardware store. A myelogram was performed followed by a laminectomy which did not produce much relief. Because of persistent back and right leg pain, she had a second myelogram in May of 1972 and as a result a neurosurgeon and an orthopedist joined in performing exploratory surgery and a fusion. There is no doubt that claimant has some compensable permanent disability. She cannot walk as far as she used to be able to walk, she cannot engage in many of the outdoor activities she previously engaged in, and she takes Valium and aspirin for pain.

The neurosurgeon's reports indicate nothing but a normal recovery from surgery and the last two reports of the orthopedist, both written in the fall of 1973, state in pertinent part:

"* * * The patient had minimal complaints referable to her low back. She is quite grateful for the result obtained from her recent surgery.

"* * * * *

"The patient * * * was given a release to return to work beginning September 24, 1973." [This report was written on September 27, 1973.]

On October 8, 1973, the same orthopedist wrote:

"I released Mrs. Ziegler for trial of light work

beginning May 21, 1973 and full activity as of September 21, 1973.

"Weight reduction diet should be performed under the supervision of a local physician in her area and I have so told her many times in the past."

An examining physician reported on February 6, 1974:

"Currently her biggest problem is some pain and tenderness in the low back * * *. She also notes some difficulty with prolonged sitting.

"* * * [S]he moves about fairly easily. Lumbar motion is surprisingly good in view of the surgery. I would rate it at 75% of expected.

"* * * The patient exhibits signs and symptoms of a satisfactory recovery from a laminectomy and fusion procedures."

■ The claimant herself testified that despite the difficulties described above, she could still engage in many physical activities, including walking up to a half mile at a time and swimming for several hours without stopping. The referee determined that she had a loss of earning capacity based on an unscheduled disability of 60% and increased the award previously made accordingly. The board affirmed. The circuit court on review increased the award by an additional 48 degrees. The employer has not cross-appealed. We think the award is adequate. Contrary to claimant's position, we do not find her within the odd-lot category. *See, Hobbs v. SAIF,* 17 Or App 253, 521 P2d 359 (1974).

■ At the time of the hearing claimant testified that she had just started selling some products out of her home and the referee noted in his opinion and order that "* * * claimant has a good personality * * * and it would appear that her chances for suc-

cess in her new venture are good." At the time of review of the record by the circuit court claimant, relying on ORS 656.298(6), attempted to offer evidence which was refused to the effect that the business activity had proven unsuccessful because claimant was physically unable to carry it on. ORS 656.298(6) provides:

"The circuit court review shall be * * * on the entire record forwarded by the board * * *. [T]he judge may hear additional evidence concerning disability that was not obtainable at the time of the hearing * * *."

The type of evidence offered here by claimant is not admissible under the statute. If she wanted her experience with the business which she had commenced to be considered, she should have moved for continuance so that she would have an opportunity prior to the hearing to determine how matters progressed. *Maumary v. Mayfair Markets,* 14 Or App 180, 512 P2d 1370 (1973). *See also, Buster v. Chase Bag Co.,* 14 Or App 323, 513 P2d 504 (1973); *Mansfield v. Caplener Bros.,* 3 Or App 448, 474 P2d 785 (1970).

Affirmed.