## CURRY, *Appellant,*
### *v.*
## STATE ACCIDENT INSURANCE FUND,
### *Respondent.*
### (No. 94811, CA 7055)
562 P2d 206

James D. Fournier, Mt. Angel, argued the cause and filed the brief for appellant.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

**TANZER, J.**

In this workmen's compensation case, the claimant received by determination orders in 1970 and 1975 a total of 55 percent permanent partial disability for injury to his low back. The referee's order was affirmed by the Workmen's Compensation Board and, in turn, by the circuit court. Claimant appeals contending that he is entitled to permanent total disability under the odd-lot doctrine and that the court should consider or remand for consideration of a new physician's report.

■ We need not set out the facts in detail. Claimant, now 41, has low back pain resulting from a 1968 industrial injury. The medical evidence indicates that his complaints are out of proportion to the actual physical findings. Doctors' estimates of unscheduled disability range from 15 to 55 percent. Claimant is able to perform work which does not require heavy lifting or repeated bending at the waist. The referee found and we agree that the preponderance of evidence does not support a finding of permanent disability beyond that awarded.

On the remand issue, our scope of review is the same as that of the circuit court, ORS 656.301(1). The circuit court may remand the case for further evidence taking only if such evidence was not obtainable at the time of the hearing. ORS 656.298. In *Buster v. Chase Bag Co.,* 14 Or App 323, 513 P2d 504 (1973), we construed that statute to preclude remands for the collection of additional evidence unless there is "good cause" constituting a "compelling basis" for remand.

■ Here, as in *Buster,* there is no compelling basis for a remand. The hearing in this case occurred on July 23 and August 5, 1975. The hearings officer had before him and considered reports concerning treatment and examination from 1968 until the hearing date from Drs. Anderson, Radmore, White, Schlim, Hull, Raaf, Short, Ships, Fleming, Murray, Schreiner, Kelly,

Schwarz and Poulson. Claimant moved for the first time at the circuit court level of appeal to introduce reports by two additional physicians regarding treatment and evaluation in 1976, on the ground that some physicians had refused to see him prior to the hearing. We are not sure of the relevancy of post-hearing reports of claimant's condition in 1976 to the issue of aggravation in 1975. Further, we are confident that additional medical evidence was obtainable prior to the hearing had greater diligence been exerted in seeking it. Particularly considering the wealth of medical evidence in the record, we decline to consider two later reports or to remand for their inclusion in the record.

Affirmed.