SCHWAB, C. J.
The significant question in this workers’ compensation case is: Does this court have the inherent power to order that payment of compensation be stayed pending appeal in view of our holding in Wisherd v. Paul Koch, Volkswagen, 28 Or App 513, 559 P2d 1305, Sup Ct review denied (1977), that:
" * * * The clear intent of ORS 656.313 is to require the immediate payment of all compensation due by virtue of the order when the order is entered * * 28 Or App at 517.[1]
Louis Rak died of a heart attack on August 19, 1969, while employed as a sheet metal worker. His widow filed a claim for benefits in November of 1975. The claim was denied by the State Accident Insurance Fund. For reasons which are not here relevant there is no contention before us that the claim is barred under ORS 656.265 as not timely filed.
The hearing before a referee resulted in an order denying the claim on the basis that the claimant had failed to sustain her burden of proof that work activity was a material contributing factor to decedent’s death. On review by the Workers’ Compensation Board the referee’s opinion was affirmed. The circuit court reversed and entered an order directing that the Fund accept the claim and pay benefits. As of the date that order was entered, under ORS 656.313, as interpreted in Wisherd, some $33,000 in accrued benefits became immediately payable.
The Fund sought an order from us staying payment of these benefits pending a hearing of an appeal on the merits. Because of the possibility that ORS 656.313 *[128] might not be applicable to death benefits as distinguished from benefits due an injured claimant, we granted the stay. On the merits we find that the claimant has not established by a preponderance of the evidence that the decedent’s work activity was a material contributing factor to his fatal heart attack. We agree with the referee that " * * * the passage of time after the work effort was too long to indicate a probable relationship between the work activity and the heart attack * * *.”
The question remains as to the $33,000 referred to above. The Fund does not argue that there is any basis for distinguishing between a claim for death benefits and for injury and we see no basis in the statute for such a distinction. The Fund basically argues that while the statute in effect forbids an insurer from obtaining a stay as a matter of right pending appeal in the usual manner judgments are stayed pending appeal, it does not prohibit this court from granting a stay in the exercise of its inherent powers. In making this contention the Fund relies principally on Daly v. Wolfard Bros., Inc., 204 Or 241, 261 P2d 679, 262 P2d 917, 282 P2d 627, 54 ALR2d 1355 (1955).
Whatever the inherent powers of this court may be, they are not such as to allow us to act contrary to the dictates of a constitutional statute — in this case ORS 656.313. In Daly the Supreme Court held that where threatened enforcement by execution of a respondent’s judgment against an appellant would operate to satisfy the judgment and thus nullify any decree the Supreme Court might render relating thereto, or at least render such decree difficult of enforcement, the Supreme Court had the power to issue a temporary restraining order staying execution of judgment when an appropriate undertaking had in fact been filed subsequent to the issuance of a writ of execution. The express rationale for the holding in Daly v. Wolfard Bros., Inc., supra, operates to defeat the Fund’s contention here, because the intent of ORS 656.313 is to *[129] insure that this court not have the power to retroactively negate the effect of the order of an inferior tribunal.
For those who believe a result such as the one reached here is not equitable, the forum in which to seek a different rule is the legislature, not the courts.
The order of the circuit court is reversed. The stay previously ordered is dissolved as of the date our mandate issues.
Reversed.

 "(1) Filing by an employer or the State Accident Insurance Fund of a request for review or court appeal shall not stay payment of compensation to a claimant.
"(2) If the board or court subsequently orders that compensation to the claimant should not have been allowed or should have been awarded in a lesser amount than awarded, the claimant shall not be obligated to repay any such compensation which was paid pending the review or appeal.” ORS 656.313.