BECK, *Respondent,*
*v.*
OREGON STEEL MILLS, *Petitioner.*
(No. 77-2384, CA 10762)
585 P2d 37

Eugene H. Buckle, Portland, argued the cause for petitioner. With him on the brief was Cosgrave & Kester, Portland.

Noreen K. Saltveit, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Lee and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Employer seeks review of an order of the Workers' Compensation Board which reinstated claimant to a vocational rehabilitation program from which the Board found he had been arbitrarily terminated by the Disability Prevention Division. The order also vacated a determination order entered following the termination and directed that temporary disability compensation payments be continued until the claim was properly closed.[1]

■ Claimant argues that the order is not appealable. ORS 656.298(1) provides:

> "Any party affected by an order of the board may * * * request judicial review of the order with the Court of Appeals."

Prior decisions have established that the word "order" in ORS 656.298(1) means a final order which adjudicates a right or imposes a duty. *Hammond v. Albina Engine & Mach.,* 13 Or App 156, 509 P2d 56 (1973); *Hiles v. Compensation Department,* 2 Or App 506, 470 P2d 165 (1970); *Barr v. Compensation Department,* 1 Or App 432, 463 P2d 871 (1970). In *Hiles* we adopted from general law the following principles concerning the meaning of the term "final order":

> "One of the tests in determining whether a judgment or decree is final is: 'If no further action of the court is required to dispose of the cause, it is final.' Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are

---

[1] ORS 656.268(1):

"One purpose of this chapter is to restore the injured worker as soon as possible and as near as possible to a condition of self support and maintenance as an able-bodied worker. Claims shall not be closed nor temporary disability compensation terminated if the worker's condition has not become medically stationary or if the worker is enrolled and actively engaged in an authorized program of vocational rehabilitation that has been provided according to rules adopted pursuant to ORS 656.728, provided however, that temporary disability compensation shall be proportionately reduced by any sums earned during the vocational rehabilitation period."

necessary to be determined in carrying it into effect, or is the judgment or decree 'one which concludes the parties as regards the subject-matter in controversy in the tribunal pronoucing it.'? * * *" (Citations omitted.) 2 Or App at 509.

In *Hammond v. Albina Engine & Mach., supra,* where we dismissed an appeal from an order reinstating the employer's right to a hearing, we applied those principles and concluded that the

"* * * order is clearly not one which concludes the parties as regards the subject matter in controversy in the tribunal pronouncing it. The order appealed from is procedural only. The question before the hearing officer is whether the claimant is entitled to an award of permanent total disability. The order appealed from does not render a final decision on that question." 13 Or App at 158.

■ The order in question here, tested against ORS 656.298(1) and the principles quoted above, is not appealable. It did not determine the extent of claimant's permanent disability, which was the issue in controversy between the parties. It vacated the April, 1977, determination order, re-opened the claim and continued the vocational rehabilitation program. The order was directed primarily to the Disability Prevention Division, to which the Board had delegated its statutory responsibility to provide rehabilitation. The order did have the incidental effect of requiring the employer to continue to make temporary total disability payments. However, the employer has failed to demonstrate that it was adversely affected in that respect. Under OAR 436-61-055(1),[2] the employer is entitled to full reimbursement of those payments.

---

[2] OAR 436-61-055(1):

"(1) Subject to subsections (3) and (4) of this section, an insurer shall be reimbursed, from the Rehabilitation Reserve of the Board, for the net amount of any authorized sums paid as temporary disability compensation to a worker during the time he remains in an authorized program of vocational rehabilitation beyond the date he became medically stationary and,

Appeal dismissed.

■■■■■■■

"(a) Until Disability Prevention withdraws its referral for vocational rehabilitation; or

"(b) Until he completes, is terminated, or is suspended from a program of vocational rehabilitation authorized by the Agency.