Argued and submitted October 22,
appeal dismissed December 1, 1980

In the Matter of the Compensation of
# JONES,
*Respondent,*
*v.*
## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Petitioner.*

(WCB No. 79-924, CA 17837)

619 P2d 1342

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for petitioner. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

Allen T. Murphy, Jr., Portland, argued the cause for respondent. With him on the brief was Richardson, Murphy, Nelson & Lawrence, Portland.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

SAIF seeks review of the order of the Workers' Compensation Board remanding this case to the referee and ordering that the claim be reopened and claimant paid temporary total disability payments until the referee issues a new order. We find that the Board's order is not a final order and dismiss the appeal.

Claimant received a compensable back injury and the referee, after a hearing, made an award of permanent partial disability. The Board found that claimant was not "vocationally stationary" and remanded to the referee "for the taking of evidence on claimant's vocational potential, trainability, employability and vocational aptitude." It ordered the claim be reopened from the date of the original hearing until the referee issues a new order and ordered SAIF to make temporary total disability payments during that time.

SAIF sought reconsideration by the Board, questioning the Board's authority to order the claim reopened and contending that if it were reopened the temporary total disability payments made should be offset against any future award of permanent disability. The Board found that payments made during the reopened period would not be over-payments and denied the request for reconsideration.

■    The threshold, and dispositive, issue here is whether the Board's order is appealable. We find that it is not. ORS 656.298(1) provides that:

"Any party affected by an order of the board may, within the time limit specified in ORS 656.295, request judicial review of the order with the Court of Appeals."

We have held that the word "order" used in that statute means "final order." *Hammond v. Albina Engine & Mach.,* 13 Or App 156, 509 P2d 56 (1973); *Hiles v. Compensation Department,* 2 Or App 506, 470 P2d 165 (1970); *Barr v. Compensation Department,* 1 Or App 432, 463 P2d 871 (1970).

In *Hiles v. Compensation Department, supra,* we stated:

"The term 'final order' is not defined in ORS ch 656, and has not previously been defined by the Oregon courts in connection with workmen's compensation. We turn then to the general law for a definition.

" '* * * One of the tests in determining whether a judgment or decree is final is: "If no further action of the court is required to dispose of the cause, it is final." Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect, or is the judgment or decree "one which concludes the parties as regards the subject-matter in controversy in the tribunal pronouncing it"? * * *.' *Winters et al v. Grimes et al,* 124 Or 214, 216-17, 264 P 359 (1928)." *Id.* at 509.

In *Mendenhall v. SAIF,* 16 Or App 136, 139, 517 P2d 706 *rev den* (1974), we held:

"A decision which does not either finally deny the claim, or allow it and fix the amount of compensation, is not a final decision."

The Board's order here does neither of those things. The remand to the referee was for the taking of additional evidence. The Board made no decision as to the extent of claimant's disability, the issue presented. "We have previously held that Board orders remanding a case to the hearing officer are not final appealable orders." *Buster v. Chase Bag Co.,* 14 Or App 323, 331, 513 P2d 504 (1973), citing *Hammond v. Albina Engine & Mach., supra; Barr v. Compensation Department, supra.*

■ The only distinction in this case is the fact that the Board ordered the claim reopened and temporary total disability payments made until the referee issues a new order. In *Beck v. Oregon Steel Mills,* 36 Or App 581, 585 P2d 37 (1978), we noted that the order reinstating claimant to a vocational rehabilitation program had the incidental effect of requiring the employer to continue to make temporary total disability payments. In that case we found that the employer had not demonstrated that it was adversely affected by that requirement because, pursuant to regulation, it was entitled to full reimbursement of those payments while the claimant remained in an authorized program of vocational rehabilitation.

It does not appear that SAIF would be entitled to reimbursement here because the Board's order only requires the taking of more evidence and does not order that claimant be placed in vocational rehabilitation. We do not find, however, that the fact that SAIF has been ordered to make temporary total disability payments by the Board's order makes that order appealable. There has been no final determination of the controversy between the parties. The primary question at issue is the extent of claimant's disability. The Board has made no determination on that issue.

Although we do not now decide the question, we recognize the possibility that SAIF will not be able to recover whatever temporary total disability payments are made during the remand.[1] The legislature has placed the burden for erroneously ordered compensation payments pending review or appeal on the employer through its insurer. ORS 656.313(2); *Rak v. SAIF,* 31 Or App 125, 570 P2d 384 (1977); *Wisherd v. Paul Koch Volkswagen,* 28 Or App 513, 559 P2d 1305, *rev den* (1977). That burden may be on the employer in this situation as well. This fact does not, however, turn a non-appealable order into an appealable one.

Appeal dismissed.

---

[1] ORS 656.216(2) provides:

"(2) If a worker, who is entitled to compensation for a permanent disability, has received compensation for a temporary disability by reason of the same injury, compensation for such permanent disability shall be in addition to the payments which he has received on account of such temporary disability."

However, ORS 656.268(4) allows the Evaluation Division to make adjustments in compensation "* * * crediting temporary disability payments against permanent disability awards * * *," and it is not clear whether such adjustments may be made at other stages of the proceedings. *See Wilson v. SAIF,* 48 Or App 993, 618 P2d 473 (1980).