In the Matter of the Compensation
of Darryl G. Warner, Claimant.

## WARNER,
*Petitioner,*

*v.*

## SAIF CORPORATION,
*Respondent.*

(WCB 80-03034, CA A24974)

663 P2d 820

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Darrell E. Bewley, Appellate Counsel, SAIF, Salem, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Warden and Young, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Claimant appeals an order of the Workers' Compensation Board affirming the referee's award of 80 percent scheduled disability for an injury to his right knee. The referee did not admit in evidence a medical report which claimant had not furnished to opposing counsel before the hearing. The Board refused to remand the case to the referee for consideration of that exhibit. Claimant argues that that was an abuse of discretion, and that is the only issue presented.

Claimant suffered a compensable injury to his right knee on September 7, 1975. Since then, he has undergone numerous right knee surgeries and has been hospitalized several times for treatment of infections and complications. The issue at the hearing was the extent of disability. There were 99 exhibits admitted in evidence. Most were medical reports dealing with claimant's knee injury and its complications. Several of them reported difficulties he was having with his left knee. At least one described degenerative arthritis in that knee.

Exhibit 99 is a medical report that concludes that claimant suffers from pre-existing osteoarthritis in his left leg and lower back that was aggravated by his right knee injury. A copy of that report was received by claimant's attorney on April 7, 1981, and was sent to the Hearings Division in August, 1981. No copy was sent to SAIF, and the referee refused to admit it. Claimant argues that Exhibit 99 is the only piece of medical evidence showing a causal connection between his right knee injury and his low back and left knee problems. He claims that it is crucial evidence of the extent of his disability.

OAR 436-83-400 provides:

"* * * * *

"(3)   As soon as practicable and not less than 10 days prior to the hearing each party shall file with the assigned referee and provide all other parties with legible copies of all medical reports and all other documentary evidence upon which the party will rely except that evidence offered solely for impeachment need not be so filed and provided.

"(4)   At the hearing the referee may in his discretion allow admission of additional medical reports and other documentary evidence not filed as required by (3) above."

Although a referee or the Board is not bound by "common law or statutory rules of evidence or by technical or formal rules of procedure," ORS 656.283(6), the record discloses no basis for us to say that discretion was abused in refusing the exhibit. Some compelling basis must exist for remanding, *Buster v. Chase Bag Co.,* 14 Or App 323, 513 P2d 504 (1973); *Tanner v. PSC Tool Co.,* 9 Or App 463, 497 P2d 1230 (1972), and we find none.

Affirmed.