Argued and submitted September 23, 1985, reversed and remanded for determination of extent of disability February 26, 1986

In the Matter of the Compensation of
Thomas D. Craft, Claimant.

CRAFT,
*Petitioner,*

*v.*

INDUSTRIAL INDEMNITY COMPANY et al,
*Respondents.*

(82-01461; CA A34443)

714 P2d 628

Kenneth D. Peterson, Jr., Hermiston, argued the cause and filed the brief for petitioner.

Marshall C. Cheney, Portland, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board which reversed the referee and held that his claim was in open status after having been reopened voluntarily by the insurer and that he was not yet entitled to a determination of the extent of disability. The referee had held that claimant is permanently and totally disabled.

Claimant requested a hearing on a determination order of February 3, 1982, which awarded him no additional permanent partial disability for head injuries. Among other things, the request specifically sought a reopening of the claim on the ground that claimant was not medically stationary. After many postponements, a hearing was finally held on May 31, 1983. Six days before the hearing, the insurer voluntarily reopened the claim on the ground that claimant was not "vocationally stationary" and that it was exploring various avenues of rehabilitation. The insurer stated that it was reopening the claim pursuant to claimant's initial request. Claimant, on the other hand, challenged the reopening, asserting that during the delay between his request for reopening and the hearing he had become medically stationary.

The referee found that claimant was medically and psychologically stationary, that the claim was not prematurely closed and that he was permanently and totally disabled. The employer argued successfully before the Board that a determination of the extent of claimant's disability could not be made while his claim was in open status, apparently without regard to the reason for reopening.

The uncontroverted medical evidence is that claimant was medically and psychologically stationary both at the time of closure and the time of the hearing. Accordingly, he was entitled to claim closure and a determination of the extent of his disability, unless the last minute reopening of the claim by employer because he was not "vocationally stationary" requires a reclosure of the claim by the Division. ORS 656.268. We know of no basis for refusing to close or to reopen a claim for the reason stated.[1] Although the evidence indicates that

---

[1] In *Jones v. SAIF,* 49 Or App 543, 619 P2d 1342 (1980), the *Board* reopened the claim and remanded it to the referee for further hearings. We held that the order was not appealable. Here, the Board did not order that the claim be reopened; it held that it was in open status by virtue of employers' action.

two months before the hearing claimant was also determined to be stationary from a vocational standpoint, we do not see the relevance, because the parties agree that he was not involved in an authorized vocational program. We know of no reason why the employer's reopening of the claim at the last minute and for an unauthorized reason should prevent a determination of the extent of disability. The fact that the insurer believes that there is a potential for rehabilitation does not affect claimant's right to a determination of the extent of his disability if he is medically stationary and is not participating in an authorized vocational program. *See Gettman v. SAIF,* 289 Or 609, 616 P2d 473 (1980); *Leedy v. Knox,* 34 Or App 911, 581 P2d 530 (1978).

Reversed and remanded for determination of the extent of disability.