Argued July 22, remanded with instructions September 17, 1970

MANSFIELD, *Respondent, v.* CAPLENER
BROTHERS, *Appellant.*
474 P2d 785

*Ridgway K. Foley, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Robert E. Joseph, Jr., and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

*John G. Holden,* Portland, argued the cause for respondent. With him on the brief were Wood, Wood, Tatum, Mosser & Brooke, Portland.

Before Schwab, Chief Judge, and Foley and Branchfield, Judges.

FOLEY, J.

Claimant suffered a work-related injury on August 4, 1966, and thereafter, having received an award of permanent partial disability equal to 50 per cent loss of use of the left leg and 10 per cent loss of an arm by separation for unscheduled disability, requested a hearing. The hearing officer increased the award to 75 per cent loss of use of the leg and 10 per cent loss of an arm. The Workmen's Compensation Board affirmed the hearing officer's award and claimant appealed to the circuit court.

The circuit court held three hearings: March 7, 1969, May 16, 1969, and December 8, 1969. At the hearing on March 7, 1969, the court ordered the claimant to report to the Department of Vocational Rehabilitation to "have a complete workup." At the hearing on May 16, 1969, after evidence was introduced relative to claimant's ability to work and his rehabilitation since March 7, 1969, the court ordered

that claimant undertake a five-month course at Technical Training Service to determine whether he could be retrained.

At the hearing on December 8, 1969, testimony was introduced relative to efforts at job placement since the hearing on May 16, 1969. The court then made an oral determination that claimant was totally and permanently disabled, followed by a written finding to that effect on December 23, 1969. This finding states that it is "Based on the entire record forwarded by the Board and additional testimony and written evidence presented at these three hearings, *which additional evidence concerning disability was not obtainable at the time of the first hearing * * *.*" (Emphasis supplied.)

Finally, on December 30, 1969, the circuit court entered a supplemental order directing the Workmen's Compensation Board to effectuate a reduction in the charge against the employer, in accordance with ORS 656.622 (Second Injury Program), for the increased award attributable "to the pre-existing mental deficiency of this employe." The employer now appeals the circuit court's rulings to this court.

The Workmen's Compensation Law as now constituted provides for a series of *de novo* reviews after a "trial" before a hearing officer appointed by the Workmen's Compensation Board. *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 91 Adv Sh 903, 476 P2d 931 (1970). Sup Ct *review denied* (1971). Upon proper application either party may request a *de novo* review by the Workmen's Compensation Board of the hearing officer's determination. Review is limited to the record made before the hearing officer. ORS 656.295 (5). No provision is made for the board itself to take further evi-

dence. It may, however, remand the case to the hearing officer for "further evidence taking, correction or other necessary action." ORS 656.295 (5).

If dissatisfied with the board's determination, either party may seek *de novo* review by the circuit court under ORS 656.298 (6) which reads:

"The circuit court review shall be by a judge, without a jury, on the entire record forwarded by the board. The judge may remand the case to the hearing officer for further evidence taking, correction or other necessary action. However, the judge may hear additional evidence concerning disability that was not obtainable at the time of the hearing. The judge may affirm, reverse, modify or supplement the order appealed from, and make such disposition of the case as the judge determines to be appropriate."

This statute contemplates that the review be the same as that of the Workmen's Compensation Board—on the record, with the same authority to remand to the hearing officer—with the added provision that "the judge may hear additional evidence concerning disability that was not obtainable at the time of the hearing."[1] The question we feel compelled to answer is: Does this provision concerning hearing additional evidence mean evidence of changes in the condition of claimant between the time of the hearing and the cir-

---

[1] In Beagle v. Wilhelm Warehouse, 2 Or App 533, 463 P2d 875, 470 P2d 386 (1970), we held that within the guidelines set in the statute it is within the discretion of the trial court to determine when, in a given case, evidence concerning disability was "obtainable at the time of hearing."

In Sahnow v. Fireman's Fund Ins. Co., 3 Or App 164, 470 P2d 378 (1970), we did not permit introduction at the circuit court level of medical evidence which was obtainable at the time of the hearing and we required remand to the hearing officer for the introduction of such testimony.

cuit court appearance? Does it mean evidence affecting his employability and thus the extent of disability, including retrogression occurring after the time of hearing? Does it mean evidence that was in existence or could have been developed at the time of hearing, but was for some reason not presented? Or, does it mean evidence that in fact was not obtainable at the time of hearing?

██ If the system contemplated by the statute—*de novo* review on the record—is to have any meaning, it is essential that there be a specific time as of which issues are to be determined. The Workmen's Compensation Law contemplates that it be the time of hearing. ORS 656.295 (3) and (5). If the circuit court is permitted to consider evidence of events subsequent to the hearing, it no longer conducts a review, but itself becomes a hearing officer, without having the benefit of either the hearing officer's or the Workmen's Compensation Board's assessment of the new evidence. The circuit court found that the new testimony "concerning disability was not obtainable at the time of the first hearing." The court was correct in its finding in the sense that the evidence was not *available* at the time of the hearing because none of these tests and evaluations had then been conducted. However, this evidence could have been developed by the hearing officer upon his own initiative or upon the order of the reviewing authority (board or judge). Therefore, the evidence was, in fact, "obtainable" within the meaning of ORS 656.298 (6) at the time of hearing.

█ We hold that the evidence adduced as a result of the hearings conducted by the circuit court was not the type contemplated by the *de novo* review machinery of the Workmen's Compensation Act. For this

reason the case must be remanded to the circuit court for further proceedings consistent with ORS 656.298 (6).

■ We find no authority for the circuit court's *sua sponte* supplemental order directing the Workmen's Compensation Board, which was not a party to this case, to effectuate a reduction in the payments charged against the employer under the Second Injury Program of ORS 656.622, responsibility for which program, in the first instance at least, is with the Workmen's Compensation Board.

Remanded for further proceedings.