Argued April 17, reversed and remanded June 9, 1972

TANNER, *Respondent, v.* PENDLETON TOOL
INDUSTRIES, INC., DBA P & C TOOL CO.,
*Appellant.*
497 P2d 1230

*Andrew F. Fink,* Portland, argued the cause for appellant. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

*Robert A. Bennett,* Portland, argued the cause for respondent. On the brief were Willner, Bennett & Leonard, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C.J.

In this workman's compensation case the employer is appealing from a decision of the circuit court which remanded claimant's case to the hearing officer for the taking of additional evidence pursuant to ORS 656.298(6) which states in pertinent part:

"(6) The circuit court review shall be by a judge * * * on the entire record forwarded by the board. The judge may remand the case to the hearing officer for further evidence taking, correction or other necessary action. However, the judge may hear additional evidence concerning disability that was not obtainable at the time of the hearing * * *."

Claimant had filed a notice of intention to file additional evidence and when counsel appeared before the trial judge he stated:

"* * * I haven't examined this transcript. I read the opinions very hurriedly during the noon hour but that's as much as I have had time to do so far as reading this transcript."

The trial court did not consider the record before ruling. We are not required to remand so that it may now do so.

■ *Beagle v. Wilhelm Warehouse,* 2 Or App 533, 540-41, 463 P2d 875, 470 P2d 386 (1970), in interpreting ORS 656.301(1)① defined the scope of this court's de novo review:

"\* \* \* ORS 656.298(6), when considered with ORS 656.301(1), makes clear, we think, that the appellate court may remand to the trial court 'for further evidence taking, correction or other necessary action' and that it, too, 'may affirm, reverse, modify or supplement the order appealed from, and make such disposition of the case' as the appellate court 'determines to be appropriate.' It is for the appellate court to determine whether to remand a particular case or to dispose of it."

Our review of the record satisfies us that neither the taking of further evidence nor a remand is warranted.

Claimant suffered a cervical injury on March 31, 1969, and was awarded 32 degrees (10%) for unscheduled disability by a Determination Order of July 22, 1970. Claimant requested a hearing by a hearing officer which was begun January 29, 1971. Between the date of injury and the commencement of the January 29, 1971 hearing, claimant was examined by numerous physicians. She was briefly hospitalized in June 1969, and March 1970 for examination and treatment. Following each release, claimant had returned to her former job where she continued until September 1970. These examinations indicated some

---

① ORS 656.301(1) reads:

"Appeals may be taken from the judgment of the circuit court, the scope of review to be the same as that of the circuit court."

subjective symptoms of tenderness in the neck and shoulder area. Only one physician felt that claimant had some permanent partial disability and he described the award she had received as adequate.

The hearing officer kept the hearing open from January 29, 1971, until May 10, 1971, to permit claimant to obtain and submit still more medical evidence. During this period claimant was examined at the Physical Rehabilitation Center in Portland. The physician who conducted the original examination on February 19, 1971, stated in his report, "this woman shows very little, if any, physical disability."[2] Thereafter, claimant, apparently still dissatisfied with the medical findings, went to another physician of her own choice who referred her to two orthopedic specialists.[3] The results of these examinations were then also considered by the hearing officer, who in addition had heard the testimony of the claimant. In part he found:

> "* * * In the absence of objective findings and the presence of multiple complaints involving several systems as reported by PRC, I do not feel justified in increasing the award * * *."[4]

■ Following the entry of this order, the claimant sought still another medical evaluation of her condition. It was this evidence, a diagnosis of "fatigue-

---

[2] A March 3 follow-up examination indicated claimant had numerous subjective complaints but had "not been here very much."

[3] Again, there were no objective findings of disability in these reports. One physician did find a "large area of subjective soreness of the neck * * *."

[4] He also stated:

"* * * I am not persuaded that her continued inability to earn wages since leaving her job is attributable to the industrial accident. I note that she married shortly before quitting her job * * *."

spasm," which claimant sought to add to the record by way of the trial court order remanding. Consideration of this evidence by the trial court would have violated the statutory requirement of ORS 656.298(6) that such evidence be "* * * not obtainable at the time of the hearing." While a remand for the taking of further evidence is not subject to the statutory "unavailability prerequisite," some compelling basis should exist for remanding, e.g., as to clear up an inconsistency or void in the record. *Sahnow v. Fireman's Fund Ins. Co.,* 3 Or App 164, 470 P2d 378 (1970), *aff'd* 260 Or 564, 491 P2d 997 (1971).

■ As we noted in *Mansfield v. Caplener Bros.,* 3 Or App 448, 452, 474 P2d 785 (1970):

> "If the system contemplated by the statute— *de novo* review on the record—is to have any meaning, it is essential that there be a specific time as of which issues are to be determined. The Workmen's Compensation Law contemplates that it be the time of hearing * * *."

Our de novo review of the record leads us to the conclusion that there was no justifiable basis for remand. On the contrary, the claimant had ample opportunity to make her record at the hearing before appealing to the circuit court. The award she received from the Workmen's Compensation Board was all that her injuries justified.

Reversed and remanded for entry of an order in accordance with this opinion.