Argued May 29, affirmed August 6, 1973

MAUMARY, *Appellant, v.* MAYFAIR MARKETS,
*Respondent.*

512 P2d 1370

*Thomas E. Wurtz,* Springfield, argued the cause for appellant. With him on the briefs were Moore, Wurtz & Logan, Springfield.

*Roger R. Warren,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FORT and THORN-TON, Judges.

THORNTON, J.

Claimant raises two issues in this workmen's compensation case. He first contends that he has shown himself to be within the 'odd-lot' category and entitled to an award for permanent total disability. Before the circuit court, claimant sought to introduce additional evidence into the record, and the circuit court refused either to hear the evidence itself, or to remand the case to the hearing officer. On appeal, claimant asserts that this denial was error, and he urges this court to remand the case so that the evidence may be heard by the circuit court or the hearing officer.

We reject both of claimant's contentions.

Claimant sustained his compensable injury in 1970 when he hurt his back while catching watermelons tossed from a high-bed truck. The injury necessitated

surgery, and shortly after the accident a bilateral lumbosacral laminectomy was performed on claimant. This surgery reduced, but did not eliminate, claimant's low back pain. Claimant has not worked since a few days after the accident.

A determination order originally granted claimant 64 degrees unscheduled permanent partial disability. The hearing officer increased this award to 192 degrees and the Workmen's Compensation Board affirmed. On appeal to the circuit court, the award was again increased to a total of 240 degrees unscheduled permanent partial disability, which is 75 per cent of the maximum of 320 degrees.

At the time of the injury, claimant worked for Mayfair Markets as a produce manager. He had been employed in the retail grocery business for some 20 years.

Since the injury, claimant has difficulty in either standing or sitting for any prolonged period. He cannot lift heavy weights. Both the claimant and his former employer agreed that these physical limitations would prevent claimant from again working in a grocery store.

Claimant's formal education ended after two years in a vocational high school. However, since the accident, claimant has passed GED tests, and now has the equivalent of a high school diploma. Testing at the Physical Rehabilitation Center showed that claimant functions at an upper-bright normal intellectual level with nonverbal materials and at an upper-average level with verbal materials. Claimant is 47 years old.

The Physical Rehabilitation Center found claimant to be a good candidate for vocational rehabilitation and claimant has worked extensively with the

Vocational Rehabilitation Division. At the time of hearing these efforts had not produced any work for claimant. However, claimant expressed an interest in, and the ability to do, several types of jobs, such as a mechanical bench-type job, or precision grinding, a field in which claimant has some prior training and experience.

The vocational counselor who has worked with claimant testified that claimant has a slightly better than 50-50 chance of obtaining gainful and suitable employment.

At the time of hearing, the Vocational Rehabilitation Division had just contracted with a private firm to assist claimant in locating employment. Before the circuit court claimant sought to introduce evidence as to the outcome of these efforts, and of claimant's own personal attempts to find work. The circuit court refused either to hear the evidence or to remand the case to the hearing officer. We affirm the court's decision.

In a workmen's compensation case, on appeal to the circuit court, "* * * [t]he judge may remand the case to the hearing officer for further evidence taking, correction or other necessary action. However, the judge may hear additional evidence concerning disability that was not *obtainable* at the time of the hearing * * *." ORS 656.298 (6). (Emphasis supplied.)

In *Mansfield v. Caplener Bros.*, 3 Or App 448, 474 P2d 785 (1970), we reversed the circuit court which had heard evidence as to vocational rehabilitation efforts occurring after the hearing before the hearing officer. We held that although such evidence was not available at the time of the hearing, still the evidence was "obtainable." We there said:

"If the system contemplated by the statute—

*de novo* review on the record—is to have any meaning, it is essential that there be a specific time as of which issues are to be determined. The Workmen's Compensation Law contemplates that it be the time of hearing. ORS 656.295 (3) and (5) * * *." *Mansfield v. Caplener Bros.*, supra, 3 Or App at 452.

We noted in *Mansfield,* 3 Or App at 452, that although "* * * the evidence was not *available* at the time of the hearing because none of * * * [the] tests and evaluations had then been conducted * * * [still,] this evidence could have been developed by the hearing officer upon his own initiative * * *. Therefore, the evidence was, in fact, 'obtainable' within the meaning of ORS 656.298 (6) at the time of hearing." *See also, Dahlstrom v. Huntington Rubber Mills,* 12 Or App 55, 505 P2d 352 (1973).

■ *Mansfield* is directly controlling in this case. Here, as in *Mansfield,* the evidence was not available at the time of hearing since all the vocational rehabilitation efforts had not then occurred. However, as in *Mansfield,* the evidence was still "obtainable" at that time. In this case the claimant, at the time of hearing, knew that further rehabilitation efforts were to occur. The claimant could have requested a continuance from the hearing officer but did not. Thus the evidence could have been obtained at the time of that hearing, and it would have been error for the court to hear it.

2. Under ORS 656.298 (6), both this court and the circuit court have some latitude in deciding whether to remand a case to the hearing officer for the taking of additional evidence. *Sahnow v. Fireman's Fund Ins. Co.,* 260 Or 564, 491 P2d 997 (1971). However, "* * * some compelling basis should exist for remanding, e.g., as to clear up an inconsistency or void in the

record." *Tanner v. P & C Tool Co.,* 9 Or App 463, 467, 497 P2d 1230 (1972).

Here there is no "compelling basis" for remand. The record contains ample evidence as to claimant's abilities and his chances of obtaining suitable employment. Claimant made no offer of proof before the circuit court, and we are unable to see that his proffered evidence would clear up any void in the record.

■ Since we hold that remand is unnecessary we reach the merits of the case. We agree with the hearing officer, the Board and the circuit court that claimant has not shown himself to be in the 'odd-lot' category.

> "The odd-lot doctrine is a rule which permits a finding of total disability in a situation in which claimant is less than a 'basket case'—where he is not altogether incapacitated for any kind of work, but still is so handicapped that he will not be able to obtain regular employment in any well-known branch of the labor market." *Deaton v. SAIF,* 13 Or App 298, 303, 509 P2d 1215 (1973).

Claimant's own evidence does not indicate that he is within the 'odd-lot' category. His physical impairment is, at most, moderate. As the hearing officer said in his opinion and order:

> "Claimant at 47 is many years short of the normal retirement age. With his varied work experience, good aptitudes, and above average intellectual resources, I conclude that he has not established permanent total disability. However, with his lifting, sitting, and standing limitations, the range of employments open to him is markedly narrowed * * * *."

Recognizing these limitations, and the probable need for vocational training, both the hearing officer and the circuit court increased claimant's award. We

hold that the 240 degrees unscheduled permanent partial disability awarded to claimant by the circuit court is legally adequate compensation for claimant's injury.

Affirmed.