Argued April 23, affirmed June 9, 1975

PETERSEN, *Appellant, v.* TRAVELERS
INSURANCE COMPANY (No. 33-845), *Respondent.*

536 P2d 448

*Nels Peterson,* Portland, argued the cause for appellant. With him on the brief were Peterson, Susak & Peterson, P. C., Portland.

*Merlin L. Miller,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

**FORT, J.**

In this workmen's compensation case claimant appeals from a circuit court order which affirmed the award of the referee and the Board awarding her a total of 148 degrees' permanent partial disability for unscheduled injury to her back.

On this appeal she seeks an award of permanent total disability or, in the alternative, an increase in the amount of permanent partial disability. She also contends the court erred in not reopening the claim to allow further temporary total disability and in not remanding the case to the referee, for the taking of further evidence. Finally, she contends it is unclear whether the court in reaching its decision received and considered the additional evidence it allowed to be presented at the hearing, and that the court should have considered it.

Claimant sustained an injury on October 4, 1968, while working as a food attendant in a cafeteria operated by Tektronix. She was then 50 years of age. Three days after its occurrence, the accident was reported by claimant as having occurred when:

> "I was standing on the 2nd step of a step stool, checking water in the cocoa machine. I lost my balance, did not fall, but caught myself with my left hand probably on the top of the stool, hurting my middle & little fingers of my left hand."

Claimant continued to work until February 14, 1969, when her condition required her to quit. The claim was first closed August 13, 1969, with an award of 32 degrees for an unscheduled disability. Thereafter on recommendation of her doctor the claim was reopened in April 1970 on grounds of aggravation. In May 1970 surgery was performed for decompression of the C-6 nerve root. In June 1971 the claim was

again closed, with an award of an additional 32 degrees. She appealed. The hearing was held on December 2, 1971, and continued at her request by the referee for further medical reports. One additional medical report was furnished in August 1972. On October 17, 1972, the referee entered his opinion and order awarding her an additional 84 degrees' permanent partial disability, making a total of 148 degrees. The Workmen's Compensation Board affirmed the referee's award on August 10, 1973. She appealed to the circuit court. The court heard argument on December 28, 1973, and at that time over objection also heard oral testimony of claimant and her husband. At its conclusion the court then continued the matter, stating:

"* * * I would like to read these cases and then go into this fully with each of you. I have two other matters to hear before noon and I am afraid that I am not going to give you the attention at this moment that you deserve, and also you, Mr. Petersen, and I will come into Portland after I read these cases and listen to each of you for an hour."

Nevertheless, some eight months later, on September 6, 1974, the court reconvened the hearing. It again, over similar objection, heard oral testimony from both claimant and her husband and received, over objection, additional medical exhibits relating to her condition. Finally, on October 22, 1974, the trial court entered its judgment order affirming the order of the Workmen's Compensation Board.

Both parties here contend that at no time did the trial court rule whether or not it would and did consider as received the testimony offered by claimant on September 6, 1974, and December 28, 1973. So far as any direct ruling during the hearings by the court is concerned, it is clear from the transcript that no such ruling concerning its admissibility was made. Rather, the court allowed the testimony to be taken before it and, so far as the record reveals, reserved its ruling.

We note, however, that the judgment order of the trial court states:

"* * * * *

"* * * [A]nd the Court having taken additional oral testimony and written evidence under an oral offer of proof on the basis of oral motion to submit additional evidence on behalf of claimant, and the Court having reviewed the record in its entirety and having heard arguments of counsel * * * ,

"* * * * *."

In view of that language we conclude that the court did consider the evidence in question.

■■ We will consider first whether the court correctly received any of that testimony. It was objected to for the reason that there was no showing it was "not obtainable" at the time of the hearing before the referee, as required under ORS 656.298(6). That subsection states:

"The circuit court review shall be by a judge, without a jury, on the entire record forwarded by the board. The judge may remand the case to the referee for further evidence taking, correction or other necessary action. However, the judge may hear additional evidence concerning disability that was not obtainable at the time of the hearing. The judge may affirm, reverse, modify or supplement the order appealed from, and make such disposition of the case as the judge determines to be appropriate."

We have previously in a number of cases discussed the meaning and application of ORS 656.298(6). *Brennan v. SAIF,* 16 Or App 432, 518 P2d 1346, Sup Ct *review denied* (1974); *Buster v. Chase Bag Co.,* 14 Or App 323, 513 P2d 504 (1973); *Tanner v. P & C Tool Co.,* 9 Or App 463, 497 P2d 1230 (1972); *Sahnow v. Fireman's Fund Ins. Co.,* 3 Or App 164, 470 P2d 378

(1970), *affirmed* 260 Or 564, 491 P2d 997 (1971);
*Mansfield v. Caplener Bros.,* 3 Or App 448, 474 P2d
785 (1970); *Beagle v. Wilhelm Warehouse,* 2 Or App
533, 463 P2d 875, 470 P2d 386 (1970).

In *Mansfield* we said:

"If the system contemplated by the statute—*de
novo* review on the record—is to have any mean-
ing, it is essential that there be a specific time as
of which issues are to be determined. The Work-
men's Compensation Law contemplates that it be
the time of hearing. ORS 656.295(3) and (5). If the
circuit court is permitted to consider evidence of
events subsequent to the hearing, it no longer con-
ducts a review, but itself becomes a hearing officer,
without having the benefit of either the hearing of-
ficer's or the Workmen's Compensation Board's as-
sessment of the new evidence. The circuit court
found that the new testimony 'concerning dis-
ability was not obtainable at the time of the first
hearing.' The court was correct in its finding in
the sense that the evidence was not *available* at the
time of the hearing because none of these tests and
evaluations had then been conducted. However, this
evidence could have been developed by the hearing
officer upon his own initiative or upon the order of
the reviewing authority (board or judge). There-
fore, the evidence was, in fact, 'obtainable' within
the meaning of ORS 656.298(6) at the time of hear-
ing." (Emphasis in original.) 3 Or App at 452.

Examination of the testimony taken before the
circuit court shows that it was received in violation
of that rule. De novo review under the Act, whether
before the Board, the circuit court or this court, con-
templates the condition of the claimant as of the time
of the hearing before the referee. Other provisions of
the law afford in appropriate circumstances oppor-
tunities for examination of claimed aggravations and
required medical services subsequent to a determina-
tion of permanent disability. *See,* for example, ORS

656.273; ORS 656.245(1); *Francoeur v. SAIF,* 20 Or App 604, 532 P2d 1148 (1975); *Rosenstiel v. SAIF,* 20 Or App 395, 532 P2d 33 (1975).

From our review of the record of this case made before the referee we conclude that the award made there and affirmed by the Board was correct. The trial court, despite its consideration of the additional evidence which it heard as outlined above, reached the same conclusion.

Affirmed.