Argued and submitted December 19, 1980,
reversed and remanded March 30, 1981

In the Matter of the Compensation of
William T. Brown, Claimant.

BROWN et al,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(No. 78-2247, CA 18173)

625 P2d 1351

Donald O. Tarlow, Newberg, argued the cause for petitioner. With him on the brief was Brown and Tarlow, Newberg.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

In this workers' compensation case, claimant appeals an order of the Workers' Compensation Board (Board) awarding him permanent partial disability benefits equal to 192 degrees for 60 percent disability for his low back injury. Claimant assigns as error: (1) the Board's failure to rule on objections raised by claimant to the referee's exclusion of claimant's rebuttal evidence and the inclusion in the record transmitted to the Board of certain matter ordered stricken by the referee; (2) the Board's consideration of medical reports offered, but later withdrawn, by SAIF after objection by claimant; and (3) the Board's failure to award claimant permanent total disability benefits. We reverse and remand.

Claimant is a 52 year old man with a third grade education who is unable to read or write anything except his name. His entire work history involved heavy manual labor. For the last 17 years, he has been employed as a concrete worker. At the time of his injury he was pulling a plywood sheet from a concrete foundation. By two determination orders, one issued in November, 1977, and the other in June, 1978, claimant was awarded 15 percent unscheduled permanent partial disability. Claimant requested a hearing on both determination orders.

On September 13, 1979, a hearing was held to determine the extent of disability. SAIF offered three reports from Comprehensive Rehabilitation Services, Inc. (CRS) which detailed contacts between a CRS rehabilitation specialist and claimant. Claimant did not object to the reports' admission, and they were admitted by the referee, subject to the claimant's right to submit rebuttal evidence. In one of the exhibits a statement concerning claimant's desire to return to work was attributed to Dr. Abbott, claimant's treating physician. As rebuttal evidence, claimant submitted a letter from Dr. Abbott in which he denied any expression to the rehabilitation specialist about any reservations concerning claimant's motivation to become reemployed. SAIF objected to Dr. Abbott's letter but offered to strike the particular objectionable language from the CRS report to which Dr. Abbott was responding. The referee struck the objectionable language and excluded claimant's rebuttal evidence.

After the hearing record was closed, SAIF offered two medical reports from treating physicians involved in the case. Claimant objected to their introduction for the principal reason that it had previously been agreed by both parties that the hearing record was closed and ready for the referee's determination. Based on claimant's objection, SAIF withdrew its offer of the documents, and the referee ordered that they not be received in evidence.

Prior to preparing his brief to be submitted to the Board for review of the referee's determination, claimant contacted the Board to determine the exact evidence submitted as part of the record in the case. He learned that the exhibit which contained the matter stricken by the referee was, in fact, forwarded to the Board without any actual deletion of the objectionable language. In addition, he was advised that the medical reports offered by SAIF, but later withdrawn, were also included without any provision having been made for their exclusion from the Board's consideration. On March 3, 1980, claimant's attorney wrote to the Board to voice his objection to the state of the record and the referee's exclusion of his rebuttal evidence. The Board made no ruling on claimant's objections prior to the issuance of its order. The Board did, however, advise claimant by letter that "[i]t is the common practice in Workers' Compensation matters to include exhibits in the record even though not admitted, since any of the reviewing bodies may differ with the Referee as to admissibility."

In its order on review, the Board made specific reference to the withdrawn medical reports. In addition, it generally referred to the exhibits which contained the language ordered stricken by the referee, but did not specifically refer to any of the stricken language. As noted, claimant contends the Board erred in relying on the medical reports not admitted at the hearing, in failing to admit claimant's rebuttal evidence and in considering the exhibits which contained the language stricken by the referee.

ORS 656.295(5) sets forth the review powers of the Board:

"The review by the board shall be based upon the record submitted to it under subsection (3) of this section and such oral or written argument as it may receive. However, if the

board determines that a case has been improperly, incompletely or otherwise insufficiently developed or heard by the referee, it may remand the case to the referee for further evidence taking, correction or other necessary action."

■■    From the language of ORS 656.295(5), it is clear that the Board had no authority to consider the two medical reports withdrawn by SAIF and, therefore, not within the record. SAIF had not sought their admission before the Board and raised no issue as to their admissibility. The statutory *de novo* review power of the Board is expressly limited to the record made at the hearing and transmitted by the referee. *Inkley v. Forest Fiber Products Co.,* 288 Or 337, 345, 605 P2d 1175 (1980); *Coday v. Willamette Tug & Barge,* 250 Or 39, 42-43, 440 P2d 224 (1968). In *McManus v. State Acc. Ins. Fund,* 3 Or App 373, 474 P2d 31 (1970), we reviewed a similar question. In that case SAIF offered a report of its examining physician. When claimant's counsel wanted to cross-examine, the offer was withdrawn. The Board on review considered the report. We held this was error:

"When the Board reviewed, it went outside the record and considered Dr. Puziss' report, a copy of which is attached to its opinion. This was error, for ORS 656.295(3) and (5) limit the Board to the record. If it desired more evidence it should have remanded to the hearing officer under ORS 656.295(5). * * *" 3 Or App at 375.

Likewise, in the present case, the Board erred in considering the withdrawn medical reports. If the Board felt the reports should have been admitted into evidence, it could have remanded the case to the referee for the taking of further evidence.[1] *See Penifold v. SAIF,* 49 Or App 1015, 1018, 621 P2d 646 (1980); *Holmes v. SAIF,* 38 Or App 145, 589 P2d 1151 (1979); *Mansfield v. Caplener Bros.* 3 Or App 448, 474 P2d 785 (1970); *McManus v. State Acc. Ins. Fund, supra.* The Board erred in considering the medical evidence not in the record.

_____

[1] OAR 436-83-720(1) also provides limitations on the Board's consideration of evidence not of record at the time of the hearing:

"The Board may remand a matter to a referee to take testimony and report his findings to the Board or to enter an Opinion and Order on Remand. Upon agreement of the parties, the Board may directly consider evidence not of record at the time of the hearing."

■ ■    We cannot say, however, that either the Board or the referee erred in excluding claimant's rebuttal evidence. ORS 656.283(6) gives the referee broad discretion concerning the admission of evidence at the hearing. The referee's decision to admit or exclude evidence is limited only by the consideration that the hearing as a whole achieve substantial justice. Here, the particular matter to which the rebuttal evidence was addressed was removed by the referee from consideration. We do not believe exclusion of claimant's rebuttal evidence was error.

■    Finally, claimant contends that the Board improperly considered the CRS report which contained the material excised from the record by the referee. If, in fact, the Board had considered that particular language, it would follow from what we stated above that the Board erred. However, there is no specific reference in the Board's order to the excised language. Though the Board made no express ruling on claimant's objection, we cannot assume, in the absence of some indication to the contrary, that the Board considered the portion of the exhibit specifically excluded by the referee.

In light of our view that the Board reached its decision, in part, on matters not properly subject to its consideration, we conclude that the matter should be remanded to the Board for further consideration on the question of the extent of claimant's disability.

Reversed and remanded.