Argued and submitted July 28,
remanded for taking additional evidence August 25, 1982

In the Matter of the Compensation of
Wesley C. Muffett, Claimant.

MUFFETT,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB Case No. 80-00805, CA A23392)

650 P2d 139

Burton J. Fallgren, Portland, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Claimant appeals the denial of his claim for a bilateral carpal tunnel syndrome. One of his assignments of error is that the Board erred in refusing to remand the claim to the referee for admission of an exhibit that was not available to claimant until after the opinion and order of the referee was issued. The exhibit was in the form of a letter dated June 25, 1980, from Dr. Stolzberg to Dr. Silver. In pertinent part, it stated:

> "I disagree most strongly with Doctor Dietrich's views on the pathogenesis of carpal tunnel syndrome. I think the condition is caused by swelling of the flexor tendons and arises in people who use their grip a lot - not in people who bang on the base of the hand. Furthermore, the great majority of patients I see are workers, not housewives. So please let me know if SAIF gives you any trouble with this claim."

Dr. Stolzberg had examined claimant at the request of respondent. The hearing before the referee took place on October 17, 1980, and was closed December 2, 1980. The letter was received by respondent on December 19, 1980, and the opinion and order was issued on January 8, 1981.

■ ■ On March 11, 1981, claimant's counsel received from respondent a copy of Dr. Stolzberg's letter. Claimant immediately moved to remand the case to the referee for consideration of the additional evidence. ORS 656.295(5). The Board refused to remand but agreed to consider the exhibit in its review of the case.[1] Remand by the Board to

---

[1] The Board's review powers are contained in ORS 656.295(5), which provides:

"The review by the board shall be based upon the record submitted to it under subsection (3) of this section and such oral or written argument as it may receive. However, if the board determines that a case has been improperly, incompletely or otherwise insufficiently developed or heard by the referee, it may remand the case to the referee for further evidence taking, correction or other necessary action."

The Board had no power to consider any evidence not already included in the record. Its only statutory power was to remand the case to the referee for further evidence taking. *Gallea v. Willamette Industries,* 56 Or App 763, 643 P2d 390 (1982); *Brown v. SAIF,* 51 Or App 389, 625 P2d 1351 (1981); *Penifold v. SAIF,* 49 Or App 1015, 621 P2d 646 (1980). To the extent that OAR 436-83-720(G) purports to extend the Board's power to review exhibits not in the record, the rule may be invalid.

the referee is a matter of discretion. *See Holmes v. SAIF,* 38 Or App 145, 589 P2d 1151 (1979); *Mansfield v. Caplener Bros.,* 3 Or App 448, 474 P2d 785 (1970). The Board is obliged to remand, however, if it determines that a case has been "improperly, incompletely or otherwise insufficiently developed * * *." ORS 656.295(5). On *de novo* review of the record, we find that Dr. Stolzberg's letter contains information that should have been considered by the referee in order to complete the development of claimant's case. Because the information was unavailable to claimant before the original hearing, we conclude that it was an abuse of the Board's discretion to refuse to remand the case to the referee.[2]

Remanded to the referee with instructions to take further evidence, including the June 25, 1980, letter from Dr. Stolzberg to Dr. Silver.

---

[2] On appeal, claimant asks us, in the alternative, to consider the letter in our *de novo* review of the case pursuant to ORS 656.298(6). This we decline to do, because, in the interest of fairness, claimant should have an opportunity to develop the theory expressed by Dr. Stolzberg's letter, and respondent should have an equal opportunity to refute it.