Argued and submitted June 8, reversed and remanded November 15, 1983

## In the Matter of the Compensation of Catherine Bailey, Claimant.

## BAILEY,
*Petitioner on review,*

*v.*

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Respondent on review.*

### (No. 77-7554, CA A24892, SC 29294)

672 P2d 333

Kenneth D. Peterson, Jr., Hermiston, argued the cause and filed the petition and brief for petitioner on review.

Darrell E. Bewley, Appellate Counsel, SAIF Corporation, Salem, argued the cause for respondent on review. With him on the brief was Donna Parton, Assistant Appellate Counsel, Salem.

JONES, J.

Peterson, C. J., filed a concurring opinion.

## JONES, J.

This is an appeal from a denial of a claim for workers' compensation benefits for an alleged occupational disease. The claimant challenges the refusal of the Workers' Compensation Board (Board) to remand her case to the referee for the taking of additional evidence. The Court of Appeals affirmed the Board's ruling.

Claimant was employed at Bramço, Inc., a fiberglass boat manufacturing company, between September, 1974, and April, 1977. In 1976, she was required to perform work using varnish which contained acetone. Initially, this work was done outside, but was subsequently undertaken indoors. The ventilation was allegedly poor and some of the other employes were provided with respirators. Claimant saw a doctor in January of 1977, complaining of fever, cough, and throat and chest pain. On September 2, 1977, claimant filed a report of an occupational disease claiming her work environment as the cause of her respiratory condition.[1] On April 14, 1981, a hearing was held to determine the compensability of this claim.[2] The issue at the hearing was the causation of claimant's respiratory condition. Claimant had been represented by a prominent workers' compensation attorney who withdrew from the case. Claimant, accompanied by her husband, represented herself at the hearing. The medical reports indicated that she was suffering from sarcoidosis, a disease not related to her employment or industrial exposure. The medical report most favorable to claimant stated only that her condition was most likely due to breathing "something" over a course of months or years.

The referee issued an opinion and order on May 11, 1981, denying compensability, and claimant appealed the order to the Board. Subsequently, but prior to the Board's issuance of an order, claimant retained an attorney and filed a

---

[1] Throughout the record the parties refer to the claimant's "respiratory condition." ORS 656.802(1)(a) defines an "occupational disease" (for persons other than fire fighters) as "[a]ny disease or infection * * *." The accurate use of statutory terms by the parties would facilitate judicial review.

[2] ORS 656.804 provides:

"An occupational disease, as defined in ORS 656.802, is considered an injury for employes of employers who have come under ORS 656.001 to 656.794, except as otherwise provided in ORS 656.802 to 656.824."

motion based on ORS 656.295(5) to remand the case for the taking of further evidence, alleging that the case had been "incompletely or otherwise insufficiently developed" before the referee. The Board denied the motion because the evidence proffered by claimant to substantiate her claim of incompleteness had been obtainable at the time of the hearing. Thereafter, the Board issued a final order affirming the order of the referee.

The Court of Appeals affirmed the action of the Board without opinion. Claimant petitioned this court for review of both the decision of the Court of Appeals and the final order of the Board.

ORS 656.295(5) provides:

"The review by the board shall be based upon the record submitted to it under subsection (3) of this section and such oral or written argument as it may receive. However, if the board determines that a case has been improperly, incompletely or otherwise insufficiently developed or heard by the referee, it may remand the case to the referee for further evidence taking, correction or other necessary action."

ORS 656.295(5) imposes a two-step process on the Board when a claimant requests review and remand of an order of the referee for the taking of additional evidence. First, the Board reviews the record, as defined, and determines whether the case has been "improperly, incompletely or otherwise insufficiently developed." Second, if this question is resolved in the affirmative, the Board exercises its discretion to determine whether to remand the case.

The Board's order on review stated:

"The Board standards governing remands are stated in its administrative rules as interpreted in *Robert Barnett,* 31 Van Natta 172 (1981). Claimant has previously conceded that her motion for remand does not satisfy the *Barnett* standards and the Board has previously denied remand by order dated April 30, 1982.

"Claimant's reply brief advises that an appeal to the Court of Appeals is certain regardless of the Board's ruling on review. If that forecast proves to be true and if the Court of Appeals concludes that motions to remand should be governed by some standard other than that articulated in the Board's rules as interpreted in *Barnett,* it would avoid future

needless appeals if the Court of Appeals would clearly define what it regards the test for remand requests to be."

The Board in *Robert Barnett,* 31 Van Natta 172 (1981), was construing a motion by the EBI Company which it regarded as being in the nature of a motion to remand to the referee on the ground of newly discovered evidence. The Board stated, after noting that ORS 656.295(5) authorized it discretion to remand to a referee "for further evidence taking," that the Board's discretion was limited by its own rules, citing OAR 436-83-700(5), which states:

"If Board review is sought on newly-discovered evidence, the request should conform to Rule 83-480(2)."

This latter procedural rule was adopted for referees and it provides:

"WHEN REFEREE MAY REQUIRE ADDITIONAL EVIDENCE

"The referee may reopen the record and reconsider his decision before a notice of appeal is filed or, if none is filed, before the appeal period expires. Reconsideration may be upon the referee's own motion or upon a motion by a party showing error, omission, misconstruction of an applicable statute or the discovery of new material evidence.

"(2) A motion to reconsider shall be served on the opposite parties by the movant and, if based on newly discovered evidence, shall state:

"(a) The nature of the new evidence; and

"(b) An explanation why the evidence could not reasonably have been discovered and produced at the hearing." OAR 436-83-480(2).

In *Barnett,* the Board then adopted OAR 436-83-480(2) as its own interpretation of its own rule governing remands,[3] which was originally intended for actions by the

---

[3] ORS 656.295(5) mandates that the Board's review shall be on the transcription of the oral proceedings and exhibits at the hearing before the referee and such oral and written argument as the Board receives. The Board has no authority whatsoever to consider newly discovered evidence. We agree with the straightforward look at the text of the statute that the Court of Appeals noted in *Muffett v. SAIF,* 58 Or App 684, 650 P2d 139 (1982), where in footnote 1, *id.* at 686, after quoting ORS 656.295(5), the court said:

"The Board had no power to consider any evidence not already included in the record. Its only statutory power was to remand the case to the referee for further

referee. To complicate matters, the Board in *Barnett* then said:

> "* * * To merit remand it must be clearly shown that material evidence was not obtainable with due diligence before the hearing. * * *" *Barnett* at 173.

The purpose of this statement apparently was to provide criteria for the Board's review to remand as well as standards for the referee's consideration to reopen a case.

██    It must be remembered that we are considering the actions of an administrative board designed to be flexible in its search for accurate facts and just conclusions. The formal rules of evidence designed for trials are relaxed. Decisions on compensability may be reopened to develop completely the record with much greater ease than judgments in civil cases where one of the parties wishes to set aside, for example, a judgment for newly discovered evidence.[4] In a workers'

---

evidence taking. *Gallea v. Willamette Industries,* 56 Or App 763, 643 P2d 390 (1982); *Brown v. SAIF,* 51 Or App 389, 625 P2d 1351 (1981); *Penfold v. SAIF,* 49 Or App 1015, 621 P2d 646 (1980). * * *"

The Board expressed some doubt as to whether it has authority to decide a case based upon the newly discovered evidence when it said in *Robert Barnett,* 31 Van Natta 172 (1981):

"There is some doubt whether, absent stipulation of the parties, this Board can consider evidence that was not introduced before a Referee. See *Brown v. SAIF,* 51 Or App 389 (1981). * * *" *Id.* at 172.

It is clear from our discussion above that the Board has no such authority.

[4] ORCP 64 provides in pertinent part:

"B.    A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"B.(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having fair trial.

"B.(2) Misconduct of the jury or prevailing party.

"B.(3) Accident or surprise which ordinary prudence could not have guarded against.

"B.(4) Newly discovered evidence, material for the party making the application, which such party could not with reasonable diligence have discovered and produced at the trial.

"B.(5) Insufficiency of the evidence to justify the verdict or other decision, or that it is against law.

"B.(6) Error in law occurring at the trial and objected to or excepted to by the party making the application."

compensation case the Board may in effect reopen the case and remand it to the referee "for further evidence taking, correction or other necessary action" if the Board determines "that a case has been improperly, incompletely or otherwise developed or heard by the referee." ORS 656.295(5). Nothing was said by the legislature about newly discovered evidence, nor about evidence that was available, but not produced, nor about evidence that could have been produced with due diligence.

The Board, in applying its ruling in *Barnett* to this case, has scrambled the legal eggs. *Barnett* dealt with "newly discovered evidence"; this case involves evidence that was not strictly in existence, but which admittedly could have been developed with due diligence. The evidence the claimant wishes to have considered by the referee is not "newly discovered evidence" as defined by ORCP 64 B.(4): "material * * * which such party could not with reasonable diligence have discovered and produced at the trial." Further, the claimant admits in her brief that the evidence she wishes to have considered was "obtainable with due diligence," thus not satisfying the standard in *Barnett*. The evidence sought to be produced did not *exist* at the time of the hearing—the second lawyer *developed* it. SAIF acknowledges in its brief that the new reports were not "newly discovered evidence," but newly *created* evidence. These reports, dated after the hearing, were:

1. A report from Dr. Buist, M.D., dated August 3, 1981, which states the claimant's work exposure was a material contributing cause of the worker's respiratory condition.

2. A report from Dr. Olson, M.D., who wishes to study the problem further.

3. A report from Professor Peter Breysse, University of Washington Department of Environmental Health, stating, "there is no doubt in my mind that her employment in the boat plant was responsible for her present respiratory condition."

The problem with applying the newly discovered evidence *Barnett* standards to this case is obvious. This case deals with a potentially incompletely developed record, not with newly discovered evidence. What the Board did in *Barnett* was this:

1. The Board first recognized that it has the power to remand "if the board determines that a case has been

improperly, incompletely or otherwise insufficiently developed or heard by the referee." ORS 656.295(5).

2. Then the Board stated that one reason why a case might be remanded is on the ground of newly discovered evidence.

3. The Board noted the corollary statute, ORS 656.298(6), permits the Court of Appeals to "hear additional evidence concerning disability that was not obtainable at the time of the hearing."

4. The Board further noted that the Court of Appeals, in a series of cases, had construed ORS 656.298(6) to require that before the Court of Appeals would apply that statute, there must be a showing that such evidence was unavailable at the hearing and could not have been obtained by reasonable effort. *Logue v. SAIF,* 43 Or App 991, 607 P2d 750 (1979); *Petersen v. Travelers Insurance,* 21 Or App 637, 536 P2d 448 (1975); *Maumary v. Mayfair Markets,* 14 Or App 180, 512 P2d 1370 (1973).

5. Finally, the Board adopted, as its own doctrine, a similar rule: "To merit remand it must be clearly shown that material evidence was not obtainable with due diligence before the hearing." *Barnett* at 173. In reaching this conclusion, the Board noted its own rule relative to reopening a hearing before the referee, OAR 436-83-480(2).

The Workers' Compensation Board has chosen to limit remands on the basis of "newly discovered evidence" to cases where there is a showing that the evidence "could not reasonably have been discovered and produced at the hearing" and, further, "to merit remand it must be clearly shown that material evidence was not obtainable with due diligence before the hearing." We agree that the rule is permissible for remands for "newly discovered evidence." However, the Board has not articulated rules[5] for myriad other situations in

---

[5] ORS 656.726(5) states:

"The board may make and declare all rules which are reasonably required in the performance of its duties, including but not limited to rules of practice and procedure in connection with hearing and review proceedings and exercising its authority under ORS 656.278. Such rules may provide for informal prehearing conferences in order to expedite claim adjudication, amicably dispose of controversies, if possible, narrow issues and simplify the method of proof at hearings. The rules shall specify who may appear with parties at prehearing conferences and hearings."

which a case may be "improperly, incompletely or otherwise insufficiently developed or heard" under ORS 656.295(5).

We, therefore, reverse and remand this case to the Board to make a decision under ORS 656.295(5) as to whether the case should be remanded to the referee because the "case has been improperly, incompletely or otherwise insufficiently developed or heard by the referee." In making that decision, the Board should not apply its inapplicable rule, OAR 436-83-700(5).

Reversed and remanded.

**PETERSON, C. J.,** concurring

I agree with the result, but upon a different analysis. In denying the claimant's motion the Board relied upon two rules, OAR 436-83-480 and OAR 436-83-700(5), which have no application to Board consideration of motions to remand for further evidence taking, correction, or other necessary action. For this reason, the case should be remanded to the Board.[1]

I disagree with the newly-discovered evidence/newly-created evidence dichotomy discussed on pages 46-49 of the majority opinion. I believe that "newly-created evidence" is a species of newly-discovered evidence which, by definition, could have been discovered and produced at the hearing before the referee. Therefore, a separate rule need not be promulgated to cover "newly-created evidence."

---

[1]The Board can promulgate a rule that in considering motions to remand under ORS 656.295(5) the party would have to make the type of showing required under present OAR 436-83-480(2).