Argued and submitted September 15, 1986, affirmed April 22, 1987

In the Matter of the Compensation of
James E. Duckett, Claimant.

DUCKETT,
*Petitioner,*

*v.*

ALASKA STEEL CO. et al,
*Respondents.*

(WCB 83-07023, 83-07022, 83-06855, 83-06854; CA A37341)

735 P2d 1289

Nelson R. Hall, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Kenneth Kleinsmith, Portland, argued the cause for respondents Schnitzer Steel and Scott Wetzel Services. On

the brief were Meyers & Terrall, and Daniel L. Meyers, Portland.

David O. Horne, Beaverton, argued the cause and filed the brief for respondents Alaska Steel Co. and Wausau Insurance.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation and Scrap Processors. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

No appearance for respondents Alaska Steel Co. and Scrap Processors.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of a Workers' Compensation Board order denying claimant's occupational disease claim. We affirm.

From 1960 until 1979, claimant worked in scrap yards operated by Alaska Steel Co. and Scrap Processors, where he was exposed to asbestos fibers. In 1980, physicians diagnosed a lung carcinoma, and his left lung was removed. In 1981, he filed a claim with SAIF and the two employers. The claim was denied. In July, 1982, a hearing was held, but the record was held open. In October, 1982, SAIF moved to join Employer's Insurance of Wausau and El Dorado Insurance,[1] because those carriers were on the risk between 1969 and 1976. Claimant objected to the joinder, and by an order in December, 1982, the referee denied SAIF's motion.

In March, 1983, the referee issued an opinion and order holding claimant's condition compensable. However, the referee also held that claimant's work after 1975, when SAIF was the insurer, did not contribute to the condition. The referee concluded that the claim had to be filed within five years after the last exposure in an employment and that, because it was not filed with the insurers on the risk before 1975, claimant could not prevail. ORS 656.807(1).

Claimant moved for reconsideration, arguing that he had met the requirements for filing.[2] The referee issued an order holding his initial opinion and order in abeyance. SAIF then moved to reconsider and renewed its argument for joinder of the other insurers. The referee issued an order allowing joinder and holding that claimant had correctly filed

---

[1] El Dorado Insurance is defunct. The company was represented in the proceeding through Scott Wetzel Services, Inc. Scott Wetzel argued that, after the referee had ordered joinder, it had denied the compensability of the claim and claimant never appealed that denial. We agree with the referee that jurisdiction was established by the referee's order of joinder.

[2] At the time, ORS 656.807(1) provided:

"Except as otherwise limited for silicosis, all occupational disease claims shall be void unless a claim is filed with the State Accident Insurance Fund Corporation or direct responsibility employer within five years after the last exposure in employment subject to the Workers' Compensation Law and within 180 days from the date the claimant becomes disabled or is informed by a physician that he is suffering from an occupational disease whichever is later."

his claim with the then direct responsibility employer, who had the duty to notify its former insurers. ORS 656.403(1). The referee then vacated all of the proceedings on the claim to allow the other insurers to have an opportunity to participate and remanded the case to be reset.

Claimant sought Board review of the order allowing joinder and vacating the proceedings. The Board denied jurisdiction, because the orders were not final, and we dismissed claimant's petition for judicial review. There followed two hearings[3] before a second referee in which claimant took the position that the issue of compensability had already been determined, that the order of joinder was for resolution of the issue of responsibility only and that claimant had no involvement in the subsequent proceedings. The referee determined that the earlier orders were properly vacated, that compensability was presently at issue and that claimant had not proved a compensable occupational disease. The Board agreed.

Claimant argues that the referee at the first hearing lacked authority to vacate the portion of the order holding the claim compensable, because neither claimant nor SAIF's motion for reconsideration raised the issue of compensability. Claimant argues that the referee was limited to ruling on whether claimant had properly filed the original claim and then to entering a finding of responsibility against employer and SAIF under the last injurious exposure rule. Claimant argues that SAIF's motion must have related to statutory considerations or discovery of new evidence and, because SAIF made no statutory arguments and gave no explanations for any new evidence, it provided no grounds for vacation or reconsideration of the compensability issue.

The pertinent rule, OAR 436-83-480,[4] provides:

"The referee may reopen the record and reconsider his decision before a notice of appeal is filed or, if none is filed, before the appeal period expires. Reconsideration may be upon the

---

[3] The first of the hearings was discontinued when the question of a conflict of interest was raised regarding SAIF's representation of two employers with adverse interests.

[4] OAR 436-83-480 has been amended and renumbered OAR 438-07-025(1). The changes are not material to this review.

referee's own motion, or upon a motion by a party showing error, omission, misconstruction of an applicable statute or the discovery of new material evidence.

"(2)    A motion to reconsider shall be served on the opposite parties by the movant and, if based on newly discovered evidence, shall state:

"(a)    The nature of the new evidence; and

"(b)    An explanation of why the evidence could not reasonably have been discovered and produced at the hearing."

■    We do not agree with claimant's narrow interpretation of the rule. The rule is designed to be a flexible aid in the search for accurate facts and just conclusions. *Bailey v. SAIF*, 296 Or 41, 46, 672 P2d 333 (1983). Under the rule, the referee could reconsider the joinder issue on his own motion. His reconsideration of the joinder issue allowed him also to reconsider other aspects of the case affected by his determination that the additional insurers were necessary parties. The referee's determination that his order should be vacated in its entirety, because parties not joined at the time of the first hearing should have the chance to participate, was within his authority.

Claimant next argues that the Board erred in finding that his carcinoma is not an occupational disease. The referee at the third hearing concluded that claimant had been exposed to above-normal levels of asbestos in his employment. However, she concluded that the preponderance of the medical evidence established that claimant's exposure to asbestos was not the major contributing cause of the lung cancer. Rather, the more likely cause was claimant's smoking two to three packs of cigarettes a week for approximately 30 years.

Claimant argues that the evidence does not support the conclusion that the major contributing cause of the cancer was his smoking. He is particularly critical of the testimony of Dr. Hammar, a lung cancer specialist. Plaintiff argues that Hammar's conclusion is not persuasive, because his testimony concerning the location of the cancer was incorrect. He testified that the cancer was centrally located in the lung, an area usually associated with cancer caused by smoking, whereas medical reports contemporaneous with claimant's surgery show a tumor of the lower left lobe.

■ Although Hammar's testimony on the location of the cancer was incorrect, his conclusion that the cancer was caused by claimant's smoking was not based solely on that fact. He also based his conclusion on the facts that there were no fibrosis, plaques or thickening present in claimant's lungs. That conclusion is confirmed by other medical reports. In addition, four other physicians concluded that smoking was the most likely cause of the cancer. Only claimant's family physician and Dr. Lawyer, a pulmonary specialist, concluded that the major contributing cause of claimant's carcinoma was the working conditions. However, Lawyer's conclusion is subject to some question because his opinion was based on a report by Dr. Churg, an expert in asbestos-related lung diseases, who said that he was unable to conclude that asbestos caused the tumor.

Affirmed.