Argued and submitted April 6, 1999, affirmed May 17, 2000

In the Matter of the Compensation of
Albert D. Avery, Claimant.

SAIF CORPORATION
and Forestex Company,
*Petitioners,*

*v.*

Albert D. AVERY,
*Respondent.*

(96-01975, 95-13779; CA A99912)

999 P2d 1216

David L. Runner argued the cause and filed the brief for petitioners.

Gerald C. Doblie argued the cause for respondent. With him on the brief was Doblie & Associates.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Employer and its insurer, SAIF, petition for judicial review from the Workers' Compensation Board's (Board) order and order denying reconsideration affirming the holding (1) that claimant established good cause for his late request for hearing; (2) that claimant's mental condition of dementia was compensable; and (3) that employer did not establish a compelling reason for remanding this case to the administrative law judge (ALJ) for taking into evidence post-hearing medical reports. We affirm.

We take the facts, which are largely undisputed, from the Board's orders. Claimant, a long-time employee, loaded sheets of fiberboard onto carts and then placed the carts into a dehumidifying oven. In June 1993, a cart dragged claimant into the oven, where the temperature was between 170 and 200 degrees Fahrenheit. It was about 10 minutes before coworkers discovered that claimant was inside the oven, and it took approximately 30 minutes for coworkers to remove claimant. During a portion of that time, claimant's head was wedged between the oven wall and the cart. Claimant filed a claim and employer accepted that claim.

Shortly after the accident, claimant's wife began noticing that claimant had difficultly communicating and was unusually quiet, symptoms that did not exist before the injury. The claim was closed in December 1993, and claimant did not appeal that closure.

In June 1995, SAIF issued an aggravation denial, based, in part, on claimant's handwritten letter stating that he did not wish to reopen the claim. The following month, on July 28, 1995, SAIF denied a claim for memory loss or dementia. On December 21, 1995, more than 60 days after the denial but less than 180 days after the denial, claimant filed a request for hearing protesting the July 1995 denial.

At hearing, claimant contended that his memory loss or dementia was compensable. Employer argued that claimant was barred from litigating the compensability of his dementia because he had failed to request a hearing within 60 days of the July 28, 1995, denial and could not establish

good cause, under ORS 656.319(1), for the late request. The ALJ found that claimant established good cause and set aside the denial. Employer appealed to the Board and the Board affirmed. Employer filed a request for reconsideration and sought remand of the case to the ALJ for consideration of post-hearing medical reports, which employer attached to the reconsideration motion. Claimant opposed reconsideration but also submitted additional post-hearing medical reports. The Board denied reconsideration and denied the request to remand the claim to the ALJ. This petition for review followed.

We first address employer's argument that the Board erred in holding that claimant established good cause for the late hearing request. At the relevant time ORS 656.319 (1993) provided, in part:

"(1)  With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforced unless:

"(a)  A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b)  The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial.

"(2)  Notwithstanding subsection (1) of this section, a hearing shall be granted even if a request therefor is filed after the time specified in subsection (1) of this section if the claimant can show lack of mental competency to file the request within that time. The period for filing under this subsection shall not be extended more than five years by lack of mental competency, nor shall it extend in any case longer than one year after the claimant regains mental competency.

"(3)  With respect to subsection (2) of this section, lack of mental competency shall only apply to an individual suffering from such mental disorder, mental illness or nervous disorder as is required for commitment or voluntary admission to a treatment facility pursuant to ORS 426.005 to 426.223 and 426.241 to 426.380 and the rules of the Mental Health and Developmental Disability Services Division."

■ Citing *McPherson v. Employment Division*, 285 Or 541, 591 P2d 1381 (1979), SAIF states that the standard of review for this assignment of error is for errors of law.[1] That is incorrect. In *Ogden Aviation v. Lay*, 142 Or App 469, 921 P2d 1321 (1996), we discussed the correct standard for reviewing the Board's determination of good cause under ORS 656.319. We held that good cause, as used in ORS 656.319, is a delegative term under *Springfield Education Assn. v. School Dist.*, 290 Or 217, 621 P2d 547 (1980). *Ogden Aviation*, 142 Or App at 473. We concluded that "[o]ur review here, thus, is to see whether the agency's determination of 'good cause' is within 'the range of discretion delegated to' the Board by ORS 656.319(1). ORS 183.482(8)(b)." *Id.* at 476. Thus, here we determine whether the Board's determination of good cause in this case is within the range of its delegated authority.

■ There is no question that claimant's request for hearing was filed more than 60 days after claimant's wife acknowledged receiving the denial. Claimant was required to establish good cause for the late hearing request. Good cause means "mistake, inadvertence, surprise or excusable neglect" as those terms are used in ORCP 71 B(1). *Hempel v. SAIF*, 100 Or App 68, 70, 784 P2d 1111 (1990). Claimant argued that his mental condition caused him to be mentally incapacitated and thus he established good cause. The Board agreed.

■ SAIF argues that if the reason for the late request is mental incapacity, then subsections (2) and (3) of ORS 656.319 apply and require that claimant establish his lack of mental capacity under the standards set out in those subsections, which are the standards for commitment at a mental health treatment facility. The Board rejected SAIF's argument and held that the requirements contained in ORS 656.319(2) and (3) only apply to requests for hearing filed more than 180 days after the denial.

---

[1] Claimant cites ORS 183.482(7) and (8) and states that review is "for errors of law, abuse of discretion, and substantial evidence." Such a recitation is neither helpful nor consistent with ORAP 5.45(6), which requires the brief to identify the "applicable standard of review." Normally, the applicable standard of review is not a multiple choice answer.

We need not decide whether the Board was correct in holding that ORS 656.319(2) and (3) do not apply to the first 180 days after a denial, because we conclude that those subsections apply only to cases of alleged mental incompetency. Here, claimant did not allege that mental incompetency excused his late filing; rather he alleged that his mental incapacity was good cause for the late hearing request. A mental problem less than incompetency could satisfy the requirement of good cause. It was within the range of the Board's discretion to determine that claimant established good cause based on his mental incapacity, and we conclude that the Board did not abuse its discretion.

In its second assignment of error, SAIF argues that the Board erred in holding that claimant's dementia is compensable. SAIF contends that the Board erred, as a matter of law, in relying on speculative medical opinions regarding the compensability of claimant's dementia. SAIF is wrong. This case, like those that Chief Judge Joseph discussed in *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988), involves conflicting medical evidence. Without further discussion, we hold that substantial evidence supports the Board's decision that claimant's dementia is compensable.

Finally, SAIF argues that the Board erred in failing to remand the claim to the ALJ for consideration of post-hearing medical records. SAIF argues that the Board applied the incorrect legal standard and also abused its discretion in refusing to remand the case to the ALJ. For the reasons that follow, we hold the Board did not abuse its discretion.

ORS 656.295(5) states that the Board's review "shall be based upon the record submitted to it * * *." If a party seeks to submit new evidence at the time of Board review, it must request remand to the ALJ. The Board may remand a claim if it determines that the claim was "improperly, incompletely or otherwise insufficiency developed." ORS 656.295(5).

In *Bailey v. SAIF*, 296 Or 41, 672 P2d 333 (1983), the court interpreted ORS 656.295(5) to require a two-step process:

"First, the Board reviews the record, as defined, and determines whether the case has been 'improperly, incompletely or otherwise insufficiently developed.' Second, if this question is resolved in the affirmative, the Board exercises its discretion to determine whether to remand the case." *Id.* at 44.

We have said that there must be a compelling reason for remanding a case to the ALJ for the taking of additional evidence. *Warner v. SAIF,* 63 Or App 280, 283, 663 P2d 820, *rev den* 295 Or 730 (1983).

Formerly, this court had authority to "hear additional evidence concerning disability that was not obtainable at the time of hearing." ORS 656.298(6) (1985).[2] In *Compton v. Weyerhaeuser Co.,* 301 Or 641, 724 P2d 814 (1986), the Supreme Court interpreted ORS 656.298(6) (1985) to allow the Court of Appeals to hear new evidence when there was a compelling reason to do so. *Id.* at 646. The court said that a compelling reason exists when the new evidence (1) concerns disability; (2) was not obtainable at the time of the hearing; and (3) is reasonably likely to affect the outcome of the case. *Id.*

Here, the Board applied the tests set forth in both *Bailey* and *Compton* to determine whether the case should be remanded under ORS 656.295(5). It stated:

"[A] compelling reason must be shown for remanding. A compelling reason exists when the evidence: (1) concerns disability; (2) was not obtainable at the time of hearing; and (3) is reasonably likely to affect the outcome of the case."

■ We acknowledge that *Compton* was about whether the Court of Appeals could take new evidence under former ORS 656.298(6), and its holding does not directly apply to the question whether the Board may remand under ORS 565.295(5). However, the statutory similarities permit reliance on *Compton* by analogy. We and the Supreme Court have held under both statutes that there must be a compelling reason to consider new post-hearing evidence. *Id.*; *Warner,* 63 Or App at 283. In *Compton,* the court reasoned

---

[2] When this court lost *de novo* review of workers' compensation cases, it also lost the authority to consider evidence that was not part of the record below.

that the same compelling reason standard applied in both circumstances. 301 Or at 646. Thus, the Board did not err in applying that analysis in determining whether to remand to the ALJ for additional post-hearing evidence.

■    The Board noted that the medical experts at the time of the hearing were divided. The new medical reports concerned whether claimant's condition was static or changing.[3] Those medical reports continued to demonstrate that the medical experts' opinions on causation were divided. Based on the continuing conflict in the medical reports, the Board said that it could not find that the record at hearing was "improperly, incompletely or otherwise insufficiently developed" and concluded that there was no compelling basis for remand. Given the nature of the record and the proposed new evidence, we cannot say that the Board abused its discretion in refusing to remand the case under ORS 656.295(5).

Affirmed.

---

[3] According to SAIF, if claimant's condition continued to worsen, then this would support SAIF's theory that the compensable injury was not the cause of the dementia.